Howard L. JACKSON, Plaintiff–Appellant,

v.

MARION COUNTY, et al., Defendants–Appellees.

No. 93–2875.

United States Court of Appeals, Seventh Circuit.

Submitted June 7, 1994.

Decided Sept. 19, 1995.

Indiana, is sitting by designation.

Howard L. Jackson (submitted), Pendleton, IN, pro se.

MaryAnn G. Oldham, Office of the Corporation Counsel, City Counsel Legal Division, Indianapolis, IN, John F. Kautzman, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, IN, for John R. Czenkusch.

Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.

POSNER, Chief Judge.

The plaintiff, an Indiana state prisoner, brought a pro se suit under 42 U.S.C. § 1983 against Marion County, Indiana, and others, charging excessive force in his arrest. He lost in the district court, and appeals. Only one issue requires consideration in a published opinion, and that is the propriety of the dismissal of the county on the ground that the complaint failed adequately to allege that the misconduct by the arresting officers of which the plaintiff complains was caused by a policy or custom of the county, a sine qua non of its liability. The complaint alleges that the county failed adequately to supervise and train the arresting officers, failed to investigate their use of excessive force against the plaintiff, and conspired with the officers "to cover up and/or slant the facts to achieve an outcome not consistent with the duties of said office." The basis of dismissal was that there was no explicit allegation of a custom or policy, but only an allegation of an isolated instance of misconduct.

The usual way in which an unconstitutional policy is inferred, in the absence of direct evidence, is by showing a series of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers. E.g., *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 509–11 (7th Cir.1993). When this method of proof is used, proof of a single act of misconduct will not suffice; for it is the series that lays the premise of the system of inference. *Cornfield by Lewis v. Consolidated High School District No. 230*, 991 F.2d 1316, 1326–27 (7th Cir.1993). But where as in this case the complaint charges the municipality or other governmental entity with having engaged in improper conduct directly, here a "cover up" that if it actually occurred and was engineered by the county itself (as we have to assume for purposes of this appeal, since the defendants have not contested either point in

their brief) made the county complicit with the officers, then the drawing of an inference from a series of bad acts by subordinate officers is not required; the method of proof is completely different; and the complaint is adequate to state a claim against the governmental entity. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480–81, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986); *McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir. 1995). *Bell v. City of Milwaukee,* 746 F.2d 1205, 1272 (7th Cir.1984), looks the other way on this point, but cannot be considered authoritative after *Pembaur.*

■ In requiring greater specificity of pleading, moreover, the district court overlooked *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* — U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993), which, in the specific context of a section 1983 suit alleging municipal liability—the very context of the present case—rejects (with a possible exception irrelevant to this case) the imposition of heightened pleading requirements in cases governed by the Federal Rules of Civil Procedure unless required by the rules themselves, which is to say by Rule 9. The Court did leave open the possibility that complaints against defendants who might have a defense of immunity (which municipalities do not, *id.* at ——, 113 S.Ct. at 1162) may have to be pleaded with particularity. The immunity is against being sued as well as against having to pay damages and would be undermined if the defendant had to engage in pretrial discovery in order to find out exactly what wrong the plaintiff was charging him with. *Id.* So Rule 9 may not be exhaustive. But apart from the rule itself and a tiny handful of arguably appropriate judicial supplements to it, a plaintiff in a suit in federal court need not plead facts; he can plead conclusions. See Fed.R.Civ.P. 8(a)(2). We have made this point many times in our own cases. E.g., *MCM Partners, Inc. v. Andrews–Bartlett & Associates, Inc.,* 62 F.3d 967, 976 (7th Cir. 1995); *Palmer v. Board of Education,* 46 F.3d 682, 688 (7th Cir.1995); *Sanjuan v. American Board of Psychiatry & Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1995). We know it applies to this case, because that is the holding of *Leatherman.*

The pressure of heavy caseloads in the district courts (filings per judge rose from 341 in 1960 to 537 in 1993, and over this same interval the number of trial days tripled although the number of judges increased by only two and a half times) has placed strains on the Federal Rules of Civil Procedure. Those rules, drafted at a time when the federal courts were less busy, may, though constantly amended, not have kept up with the growth in federal litigation. Increasingly the rules are bent—Rule 56 to allow cases that formerly would have gone to trial to be disposed of on summary judgment, Rules 8 and 12 to allow cases that formerly would have gotten at least as far as summary judgment to be decided on the pleadings. Richard L. Marcus, "The Revival of Fact Pleading under the Federal Rules of Civil Procedure," 86 *Colum.L.Rev.* 433, 444–51 (1986); Thomas E. Willging, "Use of Rule 12(b)(6) in Two Federal District Courts" 18 (FJC Staff Paper, Federal Judicial Center, July 1989). Most judges are pragmatists, and will allow rules to be bent when the pressure is great. But "bent" does not mean "broken." *Architectural Metal Systems, Inc. v. Consolidated Systems, Inc.,* 58 F.3d 1227, 1232 (7th Cir. 1995). *Leatherman* makes clear that the federal courts are not to interpolate a requirement of fact pleading into the federal rules.

This court has been generally faithful to that precept. If some of our opinions say (and some do) that a suit must be dismissed for failure to allege facts, usually on careful scrutiny it is apparent that the real grounds for the dismissal are different, as in *Dell v. Board of Education,* 32 F.3d 1053, 1065–66 (7th Cir.1994). And there is no inconsistency between *Leatherman* and our repeated insistence (repeated both before and after that decision) that a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts. E.g., *Sanjuan v. American Board of Psychiatry & Neurology, Inc., supra,* 40 F.3d at 251–52. Allegations in a complaint are binding admissions, e.g., *Keller v. United States,* 58 F.3d 1194, 1198, n. 8 (7th Cir.1995); *Morales v. Department of the Army,* 947 F.2d 766, 769 (5th

Cir.1991), and admissions can of course admit the admitter to the exit from the federal courthouse. We have expressed our puzzlement that lawyers insist on risking dismissal by filing prolix complaints. E.g., *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir.1994). But nothing in the federal rules forbids the filing of prolix complaints. If plaintiffs' lawyers want to live dangerously—or want to find out sooner rather than later whether they have a claim—they can. At the other end of the spectrum, although plaintiffs can plead conclusions, the conclusions must provide the defendant with at least minimal notice of the claim. So when, as in *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728 (7th Cir.1994), the complaint names an official in his official capacity (making it a suit against the office, that is, the governmental entity itself) without a clue as to what the authority of the office is or what policy of the office the plaintiff believes violated his rights, the suit is properly dismissed on the pleadings. *Id.* at 735.

The trickiest cases are those in which the plaintiff alleges extensive facts but leaves out one fact that is critical to his claim, from which the court is apt to infer that the fact is adverse to the plaintiff. An example is *Palda v. General Dynamics Corp.*, 47 F.3d 872 (7th Cir.1995). The plaintiff sued on a contract that entitled him to certain benefits if a series of conditions occurred, and the complaint carefully alleged compliance with all but one of the conditions. The court thought the complaint's silence about that condition pregnant. See also *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976). *Palda* probably went as far in the direction of requiring factual allegations as the rules could be thought to permit, and to apply its principle to the present case would be asking too much of a prisoner who is proceeding without the assistance of a lawyer. The complaint against Marion County should not have been dismissed for failure to allege the ground for its liability in sufficient detail. But for reasons explained in an unpublished order issued this day, the suit was properly dismissed, in its entirety, on other grounds.