69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis Anthony CAMPBELL, Plaintiff-Appellant,
v.
Michael SHEAHAN, et al., Defendants-Appellees.
 No. 94-1184.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 2, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff, an Illinois state prisoner, filed suit pro se under 42 U.S.C. Sec. 1983 against county and state officials charging infliction of cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The complaint named Michael Sheahan, the sheriff of Cook County; Dr. John Doe, the Medical Director of the Cook County Department of Corrections ("CCDOC"); and Susan Kerr, the Medical Administrator at the Illinois Department of Corrections ("IDOC") in Robinson, Illinois. The plaintiff sued these officials in their personal and official capacities for violating his Eighth and Fourteenth Amendment[1] rights by denying him preventive medical treatment for his HIV-positive condition and tuberculosis. The district court dismissed Campbell's claims against Sheahan for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and entered a judgment on the pleadings against plaintiff and in Kerr's favor under Fed.R.Civ.P. 12(c). Plaintiff now appeals these rulings.[2]
 
 
 2
 We review de novo, assuming the truth of the allegations and drawing all reasonable inferences in plaintiff's favor. Murphy v. Walker, 51 F.3d 714, 714 (7th Cir.1995) (Rule 12(b)(6)); Alexander v. City of Chicago, 994 F.2d 333, 335 (7th Cir.1993) (Rule 12(c)). We will affirm the district court's dismissal of the claims against Sheahan under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rothner v. City of Chicago, 929 F.2d 297, 302 (7th Cir.1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In order to survive a motion to dismiss, the allegations in the complaint must sufficiently set forth the essential elements of the cause of action. Conley, 355 U.S. at 41. A 12(b)(6) dismissal is therefore, one based on a procedural defect rather than on the merits. Gibson v. Chicago, 910 F.2d 1510, 1520 (7th Cir.1990) (noting that the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits). Contrarily, we do decide the merits--to the extent cognizable in the pleadings--when reviewing the district court's dismissal of plaintiff's claims based on Rule 12(c). Alexander, 994 F.2d at 336 (citing National Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir.1987)). Accordingly, we will not affirm the granting of Kerr's 12(c) motion unless no genuine issues of material fact remain to be resolved and Kerr is entitled to judgment as a matter of law. Id. (applying the summary judgment standard to 12(c) motions); 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure Sec. 1368 at 530 (1990) (noting that courts will not grant a Rule 12(c) motion if a material issue of fact exists).
 
 
 3
 Plaintiff was a pre-trial detainee at CCDOC on July 8, 1991, when after a medical examination he was told that he was HIV-positive and that he had been exposed to tuberculosis that had matured beyond treatment. In August of 1992, plaintiff was transferred to the Joliet Correctional Center[3] where he received another medical evaluation, but allegedly received no medical treatment. After three weeks, he was transferred to the Robinson Correctional Center where within a week he had another medical examination not resulting in any treatment. Approximately six months after his arrival a nurse allegedly summoned Campbell to the Robinson health center and told him that he should have been receiving preventive medication to fight off illnesses possibly "amplified" by being HIV positive. Plaintiff subsequently filed this suit, claiming that the medical staff at Robinson, as at Cook County Jail and Joliet, failed to provide him adequate medical care. Plaintiff claimed that only after rumors that other inmates at Robinson had allegedly died from lack of medical care did the medical staff at Robinson take the initiative to review the medical records of the inmates to ascertain their medical needs for treatment or preventive care.
 
 
 4
 Prison officials have a duty to ensure that inmates receive adequate medical care. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). The inmate must demonstrate that the official was "deliberately indifferent" to his health. Id. at 1979; Del Raine v. Williford, 32 F.3d 1024, 1036 (7th Cir.1994). Deliberate indifference results only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 114 S.Ct. at 1979 (construing Estelle v. Chapman, 429 U.S. 97 (1976)). Mere negligence or medical malpractice do not constitute deliberate indifference. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir.1994) (citing Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985)). Indeed, to recover for damages under Sec. 1983, a plaintiff must establish that the defendants were personally responsible for the claimed deprivation of constitutional rights. Moore v. State of Indiana, 999 F.2d 1125, 1128 (7th Cir.1993). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with their knowledge and consent." Black v. Lane, 22 F.3d 1395, 1401 (7th Cir.1994) (quoting Smith v. Rowe, 761 F.2d 360, 369 (7th Cir.1985)) (citations and internal quotations omitted).
 
 
 5
 Plaintiff alleged that Sheahan failed "to adequately train the paramedics and medical staff in the proper procedures for treating terminal and other devastating illness." In his response to the motion to dismiss, plaintiff broadly claims that "[k]nowing of the plaintiff's condition, [t]he County Jail Officials, ... were under a duty to provide medical assistance to help curb the plaintiff's illness."[4] (R. at 20, 22). Plaintiff fails to allege that Sheahan was "deliberately indifferent" or knowingly disregarded a known harm.[5] Id. at 1977; Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 788 (7th Cir.1995). Plaintiff's allegation regarding the knowledge of "County Jail Officials" is too indefinite to acribe to Sheahan any knowledge of plaintiff's medical condition. Thus, plaintiff's pleadings, even liberally construed under Haines v. Kerner, 404 U.S. 519, 520 (1972), fail to state a personal-capacity claim under Sec. 1983 since they do not allege any direct, personal involvement on behalf of Sheahan, in the alleged deprivation of his medical care. See Moore, 999 F.2d at 1129; Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir.1986).
 
 
 6
 Campbell also appeals the dismissal of his official-capacity claims against Sheahan. A suit against a government employee in his official capacity is the same as a suit against the government entity itself, in this case the Cook County Sheriff's Department. See Wolf-Lillie v. Sonquist, 699 F.2d 864, 870 (7th Cir.1983) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n. 55 (1978)). Since a claim brought under Sec. 1983 cannot survive under a theory of respondeat superior, Wolf-Lillie, 699 F.2d at 869; Monell, 436 U.S. at 691, a government entity will be liable only if the plaintiff can show that the alleged constitutional violation resulted from an official policy or custom of that entity. Monell, 436 U.S. at 694. Accordingly, in order to state an official capacity claim, plaintiff must allege that Sheahan followed or instituted an unconstitutional sheriff's department practice, policy, or custom that resulted in or caused plaintiff's alleged deprivations. See id.
 
 
 7
 Plaintiff contends that his allegations sufficiently "suggest[ ] the existence of a custom or policy at Cook County Jail that permitted unconstitutional actions, such as failing to provide HIV-positive detainees with medical treatment beyond an initial examination." (Pl.'s Br. at 5). However, plaintiff alleges that prisoners at Cook County suffer because of understaffing and lack of funds to provide proper medical treatment. (R. at 20; Reply Br. at 4). These allegations fail to show "deliberate indifference" and thus are not sufficient to support the existence of an unconstitutional sheriff's department custom or policy. See Canton v. Harris, 489 U.S. 378, 388 (1989); Cornfield by Lewis v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1327 (7th Cir.1993). "[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." Jackson v. Marion County, No. 93-2875, --- F.3d ----, 1995 WL 554627, at * 2 (7th Cir. Sept. 19, 1995).
 
 
 8
 We now turn to plaintiff's claims that Kerr "willfully den[ied] this plaintiff medical care, in that she has a responsibility to review the medical records of inmates arriving at Robinson CC, evaluate these records in regards to the illness of the inmates, and the treatment they must receive, and to direct the medical staff based on said evaluation; yet, this defendant has either neglected to perform her duties, or in the alternate, that she arbitrarily denied this plaintiff treatment...." (R. at 1; Compl. claims paragraphs 1-3) (emphasis).[6] As medical administrator at the IDOC Robinson Correctional Center, Kerr is considered a state agent and thus plaintiff's claims for damages against Kerr in her official capacity claims are barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Moore v. State of Indiana, 999 F.2d 1125, 1128 (7th Cir.1993).
 
 
 9
 Plaintiff argues that his complaint sufficiently alleges Kerr's personal involvement and deliberate indifference by claiming that Kerr reviewed his medical records and willfully refused to ensure that he receive medical treatment. While the pleadings may support that Kerr did in fact review plaintiff's medical records[7], they fail to show that Kerr participated in or was directly responsible for a constitutional deprivation as required in a Sec. 1983 action against a state official. Moore, 999 F.2d at 1129. At most, the pleadings allege that Kerr may have been negligent in failing to refer plaintiff to a physician for treatment or preventative care. This is not sufficient under the Eighth Amendment. See Farmer, 114 S.Ct. at 1984; Sellers, 41 F.3d at 1102. Plaintiff does not avoid this conclusion by alleging in the alternative that Kerr arbitrarily denied him treatment; plaintiff admitted that IDOC medical staff (after hearing rumors about inmate deaths resulting from inadequate medical care) now review inmate medical records and initiate treatment plans. A reasonable inference from this allegation is that any delay in conducting such a review was the result of negligence, rather than deliberate indifference. In essence, plaintiff has plead facts showing he has no claim. See Jackson, 1995 WL 554627 at * 2.
 
 
 10
 Finally, the district judge did not abuse his discretion in denying Campbell's request for counsel since Campbell failed to show that he attempted to procure counsel on his own. Jackson v. McLean, 953 F.2d 1070 (7th Cir.1992). The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statements were filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Plaintiff alleges that he incurred constitutional deprivations as a convicted prisoner and as a pre-trial detainee. Claims by pre-trial detainees are different from those brought by prisoners because pre-trial detainees have not been found guilty and thus can not be punished. Bell v. Wolfish, 441 U.S. 520 (1979); Murphy v. Morgan, 914 F.2d 846, 849 (7th Cir.1990). However, the due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983); Hall v. Ryan, 957 F.2d 402, 404 (7th Cir.1992). We analyze plaintiff's claims against Sheahan under the standards of the Eighth Amendment because an act or practice that violates the Eighth Amendment also violates the Fourteenth Amendment rights of a pre-trial detainee. Bell, 441 U.S. at 536 n. 16; Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.), cert. denied, 448 U.S. 863 (1988)
 
 
 [2]
 Plaintiff did not serve the defendant referred to as Dr. John Doe (the summons was returned "unexecuted"), thus he is not a party to this appeal since the district court lacked jurisdiction over these claims. See Strauss v. City of Chicago, 760 F.2d 765, 770 & n. 6 (7th Cir.1985)
 
 
 [3]
 Plaintiff was convicted of armed robbery and sentenced to a prison term of 8 1/2 years
 
 
 [4]
 Plaintiff filed a document entitled "Points of Law and Authorities" and a Motion for Summary Judgment in response to defendant Sheahan's motion to dismiss; the district court interpreted these documents as plaintiff's answer to defendant's 12(b)(6) motion. In liberally construing pro se allegations, we will consider Campbell's allegations made in his response to defendant's motion to dismiss. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Harrell v. United States, 13 F.3d 232, 236 (7th Cir.1993))
 
 
 [5]
 Plaintiff misunderstands the deliberate indifference standard: "Defendants Sheahan and Doe were responsible for setting [medical care] policy and implementing the policy once it was set. Whether done intentionally or not, these two defendants did not train, or see that medical staff was properly instructed on handling HIV-positive detainees' treatment for Aids-related complications such as tuberculosis." (Pl.'s Br. at 5) (emphasis)
 
 
 [6]
 The district court entered judgment in Kerr's favor after plaintiff failed to timely respond to plaintiff's Rule 12(c) motion
 
 
 [7]
 Kerr admits in her Answer that plaintiff's Joliet Correctional Center medical records revealed that he tested positive for tuberculosis in 1992. (R. at 18, Answer at 3)