**ESTATE OF Anthony SALDANA, Jr., by its Administrators, Rosa SALDANA and Anthony Saldana, Sr., Plaintiff,**

v.

**Charles WEITZEL, Defendant.**

**Civil Action No. 94–C–0546.**

United States District Court,
E.D. Wisconsin.

Jan. 29, 1996.

Curry First, First, Blondis, Albrecht, Bangert & Novotnak, Milwaukee, WI by W. Timothy Steinle, Terschan & Steinle, Ltd., Milwaukee, WI, for plaintiff.

Daniel P. Wright, Deputy City Attorney, Racine, WI, for defendant.

## DECISION AND ORDER

REYNOLDS, District Judge.

 Summary judgment narrows issues and weeds out meritless claims. Not every case, however, is appropriate for summary judgment resolution, and sometimes the moving party's own arguments make that clear. Although every summary judgment brief recites the rules for summary judgment with religious precision, all too often those recitations are nothing more than lip service to platitudes rather than tools of analysis. Within that recitation is the admonition against a court's weighing the credibility of the evidence. When a defendant can attack only the credibility of the plaintiff's witnesses, the defendant has defeated its own motion. Because Charles Weitzel has done that, the court must deny the motion for summary judgment.[1]

## FACTS

On July 2, 1992, Officers Charles Weitzel and Julia Burney responded to a call. When they arrived at the scene, Arlene Saldana, Anthony Saldana's sister, told the police that Anthony Saldana ("Saldana") was intoxicated and was threatening people. Officer Weitzel called to Saldana, who was outside, and asked Saldana to come to him. Saldana began walking backwards, away from the officers. He was holding a knife and shouting "The police ain't shit," and "The police can't do nothing to me." He also threatened his sister.

Officer Weitzel and Burney followed Saldana as he backed into an alley. Both officers drew their guns, and Officer Weitzel repeatedly told Saldana to drop the knife. Weitzel was about 15 feet from Saldana. Saldana continued to swear at and threaten the officers. At the end of the alley, Saldana backed on to Morton Avenue. Weitzel was still 15 feet away, but Burney had fanned out to the other side of the street. As Saldana approached the curb, he stopped. Mr. Hansen, a witness who was across the street, saw Saldana stumble; then, Officer Weitzel shot Saldana twice. (First Aff.Ex. C.) Two other witnesses, Ms. Drusen and Mr. Brenner, who had the same view as Mr. Hansen, also saw Saldana either stagger or move backwards just prior to Weitzel shooting Saldana. (First Aff.Exs. B & D). None of these three witnesses saw Saldana make a threatening motion with his arms. Saldana died from his wounds.

Weitzel and Burney both believe that Saldana lunged at Weitzel and swiped at Weitzel with the knife; that in response, Weitzel shot in self-defense. An inquest found Weitzel not guilty.

## ANALYSIS

 The plaintiff has sued Weitzel for excessive force under 42 U.S.C. § 1983. Weitzel has moved for summary judgment based on qualified immunity. Weitzel loses his qualified immunity and can be sued if the shooting was a constitutional violation and the constitutional standards were clearly established at the time of the shooting. *See Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir.1994). At summary judgment, the court will analyze the undisputed facts, the nonmoving party's version of the disputed facts, and all reasonable inferences in favor of the nonmoving party. If those facts and reasonable inferences fail to prove either a constitutional violation or clearly established standards, the court will grant summary judgment in favor of the defendant. *See* Fed.R.Civ.P. 56. Because a jury could conclude that Weitzel knew Saldana posed no

---

1. In addition, Weitzel did not submit his proposed findings of fact as required by Local Rule 6.05(a)(2)(E.D.Wis.) The plaintiff pointed this deficiency in his response brief. Rather than move for leave to file his proposed facts, Weitzel just filed them. As a result, the plaintiff could ignore the proposed findings because they were late. Had Weitzel filed a motion, the court could have accepted and ordered the plaintiff to respond. The court would then have had the benefit of knowing the exact factual controversies, instead of inferring them from the briefs.

threat, the court denies summary judgment. Saldana's alternative theory that Weitzel should have been farther from Saldana is legally insufficient to show a constitutional violation.

An officer may use any force reasonably necessary to seize a suspect and for protection from the suspect. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To determine whether the use of force was reasonable, the court must analyze what a reasonable officer would have done in the same situation. *Id.* Unless the officer has provoked the suspect, only the events at or just prior to the shooting determine whether the officer acted reasonably. *Plakas v. Drinski,* 19 F.3d 1143, 1150 (7th Cir.1994). Moreover, the test is whether the actions are objectively reasonable. Even if the officer acted maliciously, qualified immunity will apply if a reasonable officer would have taken the same action. *Graham,* 490 U.S. at 397, 109 S.Ct. at 1872.

Based on the plaintiff's version of the facts, a jury could infer that a constitutional violation occurred. Believing Hansen, Drusen, and Brenner, a jury could conclude that Saldana made no threatening gestures; that all he did was stumble. At this point, either Weitzel (and Burney) misinterpreted Saldana's stumble as a lunge, or Weitzel is lying. If Weitzel is lying, he knew that Saldana was not attacking him, and, under those circumstances, shooting Saldana was unreasonable. Because the constitutional standards clearly forbid the police from using deadly force on a suspect who poses no immediate threat, Weitzel loses his qualified immunity under this version of the facts.

In his reply brief, Weitzel asks the court to exceed its authority and declare Hansen, Drusen, and Brenner's testimony unbelievable. Although courts have bent the rules of summary judgment to control their dockets, they may never break those rules. *See Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir.1995). Swearing contests are for the jury, not the court. Even if the court agreed with Weitzel (and the court has no opinion), it would have to defer to the jury. On the one hand, a jury could decide that the witnesses were too far away to accurately see what happened (none of them saw the knife). On the other hand, a jury could conclude that the witnesses' discrepancies are minor compared to Weitzel's interest in saying that Saldana lunged. If Saldana had not lunged, Weitzel could have suffered disciplinary action on the force, and he could have to pay Saldana's estate's damages. Bias is for the jury.

Weitzel also argues that the inquest that exonerated him precludes a civil trial. Contrary to Weitzel's view that the difference between the "preponderance of the evidence" standard and the "beyond the reasonable doubt" standard is a technicality, the latter is a fundamental right. The differences between the burdens of proof are mammoth, making the inquest's result irrelevant at the summary judgment stage.

Saldana offers an alternative theory of liability: Weitzel never should have been so close. By closing to fifteen feet, Weitzel, the plaintiff argues, created the situation in which the use of deadly force was necessary. Even if the plaintiff's expert is correct and closing to fifteen feet was poor policing, poor policing, however, is not a constitutional violation. Logically, Weitzel did not violate Saldana's rights because Saldana was not seized until Weitzel shot Saldana. Practically, courts have no business telling police how far they must trail suspects. Finally, Weitzel's following at fifteen feet—as opposed to unjustifiably punching a suspect—would not justify Saldana's assaulting Weitzel. *Compare Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir.1985) *cert. denied* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986). Therefore, including Weitzel's decision to follow at fifteen feet does not make his decision to shoot Saldana any more or less reasonable. The plaintiff may not present this theory to the jury.

Because the parties disagree as to whether Saldana stumbled or lunged and because the jury could infer that Weitzel saw Saldana stumble, the court denies defendant's motion for summary judgment.

**SO ORDERED.**