151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John MACK, Plaintiff-Appellant,
v.
Michael F. O'LEARY, Deputy Director, Salvador A. Godinez,
Warden, Jerome L. Springborn, Assistant Warden, et
al., Defendants-Appellees.
John L. LIPSCOMB-BEY, Plaintiff-Appellant,
v.
Howard A. PETERS, III, George C. Welborn, Warden Menard
Correctional Center, Alan L. Frentzel, Assistant
Warden of Menard Correctional Center, et
al., Defendants-Appellees.
 Nos. 95-1331, 94-1849.
 United States Court of Appeals, Seventh Circuit.
 June 17, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 94 C 621, Charles R. Norgle, Judge.
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division. No. 92 C 31, William D. Stiehl, Judge. No. 92 C 55, William D. Stiehl, Judge.
 Before Hon. RICHARD A. POSNER, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 This court's opinion in Mack v. O'Leary, 80 F.3d 1175 (7th Cir.1996), was vacated by the Supreme Court and remanded for reconsideration in light of its holding in City of Boerne v. Flores, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). For the reasons set forth below, we affirm the district court's decisions in Lipscomb-Bey v. Peters, Nos. 92-CV-31 and 92-CV-55. The district court's decision in Mack v. O'Leary, No. 94-C-621, is affirmed in part and remanded to the district court with instructions to consider petitioner's equal protection argument.
 
 Background
 
 2
 At all times relevant to this matter, John Lipscomb-Bey and John Mack were Illinois state prisoners seeking federal relief based on complaints that their religious rights were infringed. Mr. Lipscomb-Bey is a member of a sect called the Moorish Science Temple of America, a denomination broadly classified as Muslim by prison officials; Mr. Mack is a Muslim. Both petitioners invoked the protections afforded by the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1(b).
 
 
 3
 Mr. Lipscomb-Bey, a Menard inmate, brought suit for injunctive relief and damages against prison officials. He claimed that the Moors had been denied permission to hold a Prophet's Day banquet in honor of their founding prophet. At an evidentiary hearing held at the prison, the national leader of the denomination testified that the banquet was an "important but not a required rite." Respondents argued before the district court that it would have been impractical to allow each of the prison's 300 denominations to observe its own feast day. The district court agreed and gave judgment for respondents. In reviewing Mr. Lipscomb-Bey's argument on appeal, this court found that while prison regulations had indeed burdened the Moors' religious practices, prison officials nevertheless demonstrated "both a compelling governmental interest in imposing the modest burden and the absence of any less restrictive alternative." The decisions of the district court regarding Mr. Lipscomb-Bey's claims were therefore affirmed.
 
 
 4
 At the time he filed his complaint, Mr. Mack was an inmate at Stateville Correctional Center. He brought a claim only for damages, alleging that respondents had deprived him of his right to freely practice Islam by forcing him during the Fast of Ramadan to pray in a cafeteria unsuitable for such observances. In addition to claiming an infringement of his rights under RFRA, Mr. Mack asserted that respondents had denied him the equal protection of the laws by denying Muslims the right to properly celebrate Ramadan, though "members of other faiths were never subjected to such unwarranted bad faith, abuse and abitrary [sic] denial of such basic rights." Asked to provide a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, Mr. Mack responded that although the Muslims had repeatedly requested the use of the prison's theater building for use during Ramadan, they were forced instead to hold their celebration "in the dining-hall or not at all." He continued: "The Theater Building at Stateville ... [has] all the proper provided facilit[ies].... [T]he Christianity Religious services are allowed [in] the theater building facility ... so as the Jewish, and the Hispanic Cultural allowed the use of the theater building...." Mr. Mack further explained that he had written repeatedly to the defendants during 1992 and 1993, and specifically on January 1, 1992, and December 5, 1992, requesting access to the prison theater for Ramadan observances. His requests, however, were denied.
 
 
 5
 Respondents filed a motion to dismiss for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). They argued that prison officials had made reasonable accommodations to petitioner's religious rights and that Mr. Mack had failed to allege a burden on the practice of his religion. The district court agreed, concluding that Mr. Mack's allegations, even if true, failed to state a cause of action under 42 U.S.C. § 1983. The district court dismissed Mr. Mack's RFRA claims against respondents in their individual capacities, finding not only that Mr. Mack had failed to demonstrate a substantial burden on his right to practice Islam, but that respondents had made "a reasonable effort to provide [petitioner] an opportunity to practice his faith during the month of Ramadan." The court likewise dismissed with prejudice Mr. Mack's RFRA complaint against respondents in their official capacities, explaining that respondents were Illinois state employees protected by Eleventh Amendment sovereign immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The district court judge did not, however, address Mr. Mack's equal protection argument that only Muslims had been denied access to the theater building for purposes of religious observance.
 
 
 6
 On appeal, this court found it unclear whether the prison restrictions to which Mr. Mack objected under RFRA imposed a substantial burden on his practice of Islam; we remanded the case to make this factual determination. See Mack v. O'Leary, 80 F.3d 1175, 1179-80 (7th Cir.1996). While this court questioned the district court's failure to address Mr. Mack's equal protection claim, we agreed that his claim for damages brought against prison officials in their official capacities is precluded by the Eleventh Amendment; and that the Supreme Court's holding in Employment Div. v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), further barred Mr. Mack's claim insofar as he sought relief under the free-exercise clause of the First Amendment. See Mack, 80 F.3d at 1181. We then affirmed the district court's decision dismissing those aspects of Mr. Mack's case that hinged on Eleventh Amendment qualified immunity, and reversed and remanded in part for additional findings.
 
 ANALYSIS
 
 7
 Upon reconsideration of Mr. Lipscomb-Bey's case following remand from the Supreme Court, we again affirm the decisions of the district court. During our original review, this court employed the more stringent standard imposed by RFRA but ultimately rejected in City of Boerne v. Flores, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). We concluded that prison officials at Menard had demonstrated both a compelling governmental interest in prohibiting the Prophet's Day feast and the lack of a less restrictive alternative. In so holding, we necessarily found that prison officials had satisfied the less rigorous, pre-RFRA "reasonableness" standard articulated in O'Lone v. Shabazz, 482 U.S. 342, 349-50, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), and Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Mr. Lipscomb-Bey's contentions thus need not be subjected to additional analysis.
 
 
 8
 This is not the case with Mr. Mack's claim, which must be remanded to the district court for the purpose of considering his equal protection argument; in all other respects, however, we again affirm the decision of the district court. It is settled that ordinary notice pleading is sufficient to bring a civil rights action against governmental entities. See 42 U.S.C. § 1983; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Though a complaint must provide the defendant both fair notice of the claim and the grounds upon which it rests, see Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), Mr. Mack's pro se submissions must nevertheless be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).
 
 
 9
 Irrespective of the likelihood of his success-Mr. Mack's complaint against prison officials at Stateville in their official capacities is an action brought against the state and would thus appear to be barred by the Eleventh Amendment-Mr. Mack has articulated his equal protection argument with sufficient precision that the district court must be afforded a second opportunity to address this matter. On remand, the district court should also consider Mr. Mack's equal protection claim brought against the defendants in their individual capacities. Section 1983 creates a cause of action predicated on personal liability and individual fault; there will be no liability unless a defendant is found personally responsible for the constitutional deprivation. See Hafer v. Melo, 502 U.S. 21, 25-28, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The conduct giving rise to Mr. Mack's complaint must therefore have taken place at the defendants' direction or with their knowledge and consent, or where they acted with deliberate indifference, "turn[ing] a blind eye for fear of what they might see." Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 477 (7th Cir.1997) (internal quotation and citation omitted); Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir.1995). In this instance, it appears that Mr. Mack is arguing that Stateville's treatment of its Muslim prisoners is the result of an unconstitutional policy established or condoned by the defendants. See Jackson v. Marion County, 66 F.3d 151, 152-53 (7th Cir.1995); Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 734-36 (7th Cir.1994).
 
 
 10
 This court expresses no opinion regarding the merits of Mr. Mack's arguments. A review of the record reveals, however, that he has indeed set forth a short and plain statement of sufficient clarity that the defendants should have been provided notice of the gravamen of Mr. Mack's complaint. That is all the rules of civil procedure require of the pleadings at this point in the litigation. The district court should therefore address petitioner's contentions in the first instance.
 
 
 11
 Accordingly, upon consideration of the parties' submissions, IT IS ORDERED:
 
 
 12
 1. that our opinion and judgment of April 3, 1996, are vacated;
 
 
 13
 2. that the district court's decisions in Lipscomb-Bey v. Peters, No. 92-CV-31 and 92-CV-55, are affirmed; and
 
 
 14
 3. that the district court's decision in Mack v. O'Leary, No. 94-C-621, is affirmed in part and remanded to the district court with instructions to consider petitioner's equal protection argument.
 
 
 15
 SO ORDERED.