Randal and Carolyn **SCHMIDT**, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**NISSAN MOTOR ACCEPTANCE CORPORATION, Defendant.**

No. 99 C 7180.

United States District Court, N.D. Illinois, Eastern Division.

July 13, 2000.

Christopher V. Langone, Joel D. Dabisch, Langone Law Firm, Chicago, IL, Lance A. Raphael, Chicago, IL, Eric D. Freed, Jonathan I. Flaum, Paul M. Weiss, Phillip A. Bock, Freed, Weiss & Flaum, Chicago, IL, for Randal Schmidt, Carolyn Schmidt, plaintiffs.

Robert J. Kriss, Michele Odorizzi, Victoria R. Collado, Kenneth J. Merlino, Mayer,

Brown & Platt, Chicago, IL, for Nissan Motor Acceptance Corp., defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiffs Randal and Carolyn Schmidt, on behalf of themselves and all others similarly situated, have filed a single count amended class action complaint against defendant, Nissan Motor Acceptance Corporation, alleging that defendant's disclosure of a $250.00 disposition fee violated the Consumer Leasing Act, 15 U.S.C. § 1667 et seq. Defendant has moved to dismiss the amended complaint pursuant to Fed. R.Civ.P. 8 and 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendant's motion to dismiss is denied.

### Background

On December 30, 1995, plaintiffs leased a 1996 Nissan Maxima automobile from Royal Nissan, Inc., in Minnesota. As part of the transaction, plaintiffs signed a standardized, pre-printed lease agreement authored by defendant. Near the end of the lease term, in or about November 1998, plaintiffs returned the automobile to Royal Nissan, Inc., in Minnesota. Subsequently, defendant sent plaintiffs a "Lease Termination" notice requesting the final month's lease charge, an extra mileage charge, a $250.00 disposition fee, and a disposition fee tax of $16.50. According to the amended complaint, plaintiffs were confused and surprised at being assessed a $250.00 disposition fee. As they explain, prior to receiving the Lease Termination notice they were unaware of the disposition fee or tax.

Believing that defendant's disclosure of the disposition fee was inadequate, plaintiffs, on behalf of themselves and all others similarly situated, filed a three-count class action complaint against defendant. In response, defendant filed a motion to dis-

miss. In order to remedy the defects complained of by defendant in its motion to dismiss, plaintiff filed a single count amended complaint. Paragraph 25 of plaintiffs' amended complaint alleges that, "[t]he disposition fee contained in the Lease Agreement is not clearly and conspicuously disclosed in a meaningful sequence reasonably understandable to the average consumer, in violation of the Consumer Leasing Act." Paragraph 26 of plaintiffs' amended complaint claims that the disposition fee is disclosed in a font size less than 10–point type, in violation of the Consumer Leasing Act.

### Legal Standard

 In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would the plaintiff's allegations entitle him to relief. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429–30 (7th Cir.1996). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Travel All Over the World*, 73 F.3d at 1428.

### Discussion

Defendant claims that paragraph 25 of plaintiffs' amended complaint fails to comply with the pleading requirements of Rule 8 and should be dismissed pursuant to Rule 12(b)(6) because it does not specifically identify how defendant has failed to "clearly and conspicuously" disclose the disposition fee.[1] Plaintiffs argue that be-

---

1. Although defendant acknowledges that an amended pleading supercedes an original pleading, *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204 (7th Cir.1998), defendant argues about the deficiencies of plaintiffs' original complaint throughout its motion to

cause they included allegations in their amended complaint that they "were confused by the 'Disp Fee' and surprised at being assessed a $250 charge at the end of the lease," they have satisfied Rule 8 and have pled enough to survive a Rule 12(b)(6) motion to dismiss.

■ According to plaintiffs, allegations that a lease is confusing and not reasonably understandable to the average consumer are enough to survive a motion to dismiss. To support their allegations, plaintiffs have cited *Johnson v. Revenue Management Corp.*, 169 F.3d 1057 (7th Cir.1999), a Fair Debt Collection Practices Act case, which held that "a contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)." *Id.* at 1059. *Johnson*, however, is inapplicable in the instant case. Although the plaintiff's claim in *Johnson* was brought under the Fair Debt Collection Practices Act, the instant case is brought under the Consumer Leasing Act, which does not require that lease disclosures be comprehensible to the average consumer. As the court in *Channell v. Citicorp National Services Inc.*, 89 F.3d 379 (7th Cir. 1996), explained, "clear and conspicuous manner" within the context of § 1667(a) of the Consumer Leasing Act refers to the mode of presentation, not the degree of comprehension. *Id.* at 382. So long as a disclosure is visible, it has satisfied the "clear and conspicuous manner" requirement of § 1667 of the Consumer Leasing Act, even if it is incomprehensible to the average consumer. *Id.* Accordingly, plaintiffs' argument that allegations of confusion are enough to survive a Rule 12(b)(6) motion to dismiss fails. Nevertheless, this court finds that plaintiffs have pled enough in their amended complaint to satisfy Rule 8 and survive a Rule 12(b)(6) motion to dismiss.

■ Rule 8 sets forth a liberal notice pleading standard. Under Rule 8(a)(2), a plaintiff is required to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with this liberal pleading standard, a plaintiff need provide the defendant only with "minimal notice of the claim." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995). While a plaintiff must "give adequate notice to the defendant of the basis of the suit," Rule 8 does not require him to specify particular legal theories in its complaint. *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir.1997). Further, contrary to defendant's assertion, Rule 8 does not require a plaintiff to plead specific facts. The Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which he bases his claim. *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the court in *Jackson* explained, "[a] plaintiff in suit in federal court need not plead facts; he can plead conclusions," as long as those conclusions provide the defendant with at least "minimal notice of the claim." *Jackson*, 66 F.3d at 153.

■ The court finds that paragraph 25 of plaintiffs' amended complaint satisfies the liberal notice pleading standard of Rule 8, which requires plaintiffs only to give defendant minimal notice of the basis of the suit. Further, based on the factual allegations contained in plaintiffs' amended complaint, and drawing all reasonable inferences in favor of plaintiffs, the court finds that a reasonable jury could conclude that defendant's disclosure of the disposition fee violated the Consumer Leasing Act. Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied.

Defendant is ordered to file its answer to the amended complaint on or before

dismiss plaintiffs' amended complaint. The court does not address those arguments directed at the superceded complaint, because that pleading is considered *functus officio*. Moreover, while defendant originally sought to dismiss plaintiffs' entire amended com-

plaint, defendant, in its reply brief, conceded that plaintiffs' claim that the disposition fee disclosure was in less than 10 point font type was viable. Accordingly, defendant seeks to dismiss only paragraph 25 of plaintiffs' amended complaint.

July 31, 2000. The July 18, 2000, status report is vacated and continued to August 9, 2000, at 9:00 a.m.