**Quordalis SANDERS, Plaintiff–Appellant,**

v.

**Daniel BERTRAND,* Defendant–Appellee.**

No. 02–2944.

United States Court of Appeals, Seventh Circuit.

---

* We have substituted Daniel Bertrand, the Warden of Green Bay Correctional Center where Sanders is currently incarcerated, as the appellee. Fed. R.App. P. 43(b).

Submitted June 25, 2003.**

Decided June 27, 2003.

Before BAUER, COFFEY, and EVANS, Circuit Judges.

## ORDER

Wisconsin inmate Quordalis Sanders brought suit under 42 U.S.C. § 1983 alleging as relevant here that prison officials punished his disciplinary infractions unduly harshly to retaliate for having petitioned for a writ of habeas corpus and filed prison grievances. Acting under 28 U.S.C. § 1915A, the district court *sua sponte* dismissed the complaint for failure to state a claim. Sanders appeals, and we affirm.

This lawsuit arises out of events that occurred while Sanders was a prisoner at the Columbia Correctional Institution (CCI). According to his complaint Sanders filed a habeas corpus petition in late June 2001, shortly after receiving an unrelated conduct violation report. He was found guilty of the disciplinary charge and sentenced to 180 days' segregation. CCI officials then decreed–allegedly to retaliate for the habeas corpus petition–that while in segregation Sanders would spend 60 days at each step of his segregation program (each successive step results in increased privileges and eventually release into the general population) rather than the typical 30 days. In September 2001 Sanders wrote to the warden complaining

** On August 23, 2003, this court granted the appellees' motion for an order of noninvolvement due to lack of service in the district court. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

that these slower promotions were in retaliation for filing his habeas corpus petition, but the warden responded that the step decision was appropriate given the seriousness of his offense.

The retaliation, says Sanders, persisted. He received additional conduct violation reports in September and December 2001, and in both cases was again forced to endure 60–day steps after being found guilty and sentenced to 180 days' segregation. In February 2002 Sanders received a fourth conduct violation report and was again found guilty. This time he was sentenced to 360 days' segregation, but on appeal the term was reduced to 180 days. Afterwards authorities once more directed that Sanders spend 60 days at each segregation program step, and in April 2002 he filed another grievance alleging that the extended periods were to retaliate for his successful appeal. Sanders then filed this suit against the CCI administrators he deems responsible for the longer segregation steps. Sanders did not name as defendants any of the staff members responsible for filing or adjudicating the conduct reports, nor did he challenge the validity of the convictions.

The district court never identified any shortcoming in Sanders's complaint, and on appeal Sanders argues that the district court held his retaliation claim to an inappropriate standard and prematurely dismissed it. We review dismissals under § 1915A *de novo* and will affirm only when it appears beyond doubt that no set of facts supports the plaintiff's claims. *Wynn v. Southward*, 251 F.3d 588, 591–92 (7th Cir.2001) (per curiam). Because Sanders is proceeding *pro se*, we construe his complaint liberally and subject it to less stringent scrutiny than complaints prepared by counsel. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001).

■ Ordinarily, a complaint cannot be dismissed for failure to state a claim if it complies with the rules of civil procedure, which require only that the complaint "state a claim, not that it plead the facts that if true would establish (subject to any defenses) that the claim was valid." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002). Even in a retaliation suit a plaintiff need only specify the "bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Id.; see also Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir.2002) (retaliation complaint can state a claim without alleging a chronology of events). Sanders states in his complaint that the constitutional rights he exercised were his rights to file suit, *see Higgs*, 286 F.3d at 439, and to file a grievance, *see Walker*, 288 F.3d at 1008–09. He also specifically describes the allegedly retaliatory acts, namely, slower advancement through the steps of his segregation programs. These details provided sufficient information to allow the defendants to file an answer. *See Higgs*, 286 F.3d at 439 (A complaint alleging retaliation states a claim if it specifies "both the suit and the act of retaliation.").

But Sanders did not stop with the "bare minimum facts," and a plaintiff who lays out his case in great detail may plead himself out of court by " 'alleging facts which show that he has no claim, even though he was not required to allege those facts.' " *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997) (quoting *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995)). In his complaint Sanders avers that the defendants' actions must have been retaliatory because there was "no rational relation between the dissimilar treatment and any legitimate penal interest of the institution, other than the deprivation of good-time credits … in retaliation for Plaintiff having filed a writ of habeas corpus." But as is evident from

documents that Sanders attached to his complaint (and that are thus deemed to be incorporated into it, *see Int'l Mktg., Ltd. v. Archer–Daniels–Midland Co.,* 192 F.3d 724, 729 (7th Cir.1999)), officials cited the "nature of the offense," "pending conduct reports," and "poor" behavior over the previous 30 days to justify Sanders's 60–day step assignments. And in one of those documents the warden noted that step-program time frames are "general guidelines" informed by "behavior in segregation, the nature of the offense, and past experience" and that Sanders had a history of misconduct including ignoring staff orders, making loud and disrespectful comments about staff members, and engaging in sexual misconduct in the presence of staff and other inmates. Sanders does not dispute the veracity of these explanations, and thus his own complaint dispels any reasonable inference that the defendants punished him for exercising a constitutionally protected right. *Cf. Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.,* 278 F.3d 693, 700 (7th Cir.2002) (finding employee's subjective belief insufficient to prove retaliatory motive).

■ Sanders retaliation claim rests only on personal beliefs that cannot be substantiated. Accordingly, his complaint fails to state a claim. Although the district court's dismissal was without prejudice, a dismissal for failure to state a claim under § 1915A should be made with prejudice. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir.2002). The judgment is modified to reflect dismissal with prejudice, and as modified the judgment is affirmed. Because this appeal is frivolous, Sanders has incurred his third strike under 28 U.S.C. § 1915(g). *See Abdul–Wa-*

*dood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir.1996).

MODIFIED AND AFFIRMED.