Patricia E. HOMEYER,
Plaintiff–Appellant,

v.

STANLEY TULCHIN ASSOCIATES, INC.
and Alan Fox, Defendants–Appellees.

No. 95–3977.

United States Court of Appeals,
Seventh Circuit.

Argued May 23, 1996.

Decided July 31, 1996.

Susan Connor (argued), Chicago, IL, Nicholas C. Zagotta, Chicago, IL, for Patricia E. Homeyer.

Carl S. Tominberg, Joseph M. Gagliardo, Jeffrey S. Fowler (argued), Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Chicago, IL, for Stanley Tulchin Associates, Incorporated, and Alan Fox.

Barry Levenstam, Joel J. Africk, James B. Sowerby, Jenner & Block, Chicago, IL, for Amicus Curiae American Lung Association of Metropolitan Chicago.

Mark A. Gottlieb, Tobacco Liability Project, School of Law, Boston, MA, for Amicus Curiae Tobacco Liability Project.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

Plaintiff Patricia Homeyer brought suit against her former employer, Stanley Tulchin Associates, Inc. ("STA"), claiming she was fired in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 *et seq.* Homeyer alleged that she suffered from chronic severe allergic rhinitis and sinusitis and that her condition was aggravated by the environmental tobacco smoke ("ETS") at STA's office. She claimed that after requesting an accommodation from STA several times for her "disability," she was terminated. The district court found that Homeyer could plead no facts demonstrating she was "disabled" within the meaning of the ADA and thus dismissed her claim. We reverse and remand.

## I.

■ When reviewing a motion to dismiss for failure to state a claim, we must accept as true the factual allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. *Lashbrook v. Oerkfitz,* 65 F.3d 1339, 1343 (7th Cir.1995). In March of 1991, STA hired Homeyer as a typist in its Des Plaines, Illinois office. Because several of her co-workers were allowed to smoke in the office, Homeyer was continuously exposed to ETS. Additionally, the building's poor ventilation system caused the ETS to "linger[ ] in the air throughout the day." Homeyer suffers from chronic severe allergic rhinitis and sinusitis, which impair her ability to breathe normally. The ETS at work aggravated her condition, and she "experienced breathing difficulties on a routine basis."

In June of 1992, Homeyer informed STA of her respiratory condition and of the fact that the ETS in the building exacerbated her breathing difficulties. She requested a reasonable accommodation for her "disability" and suggested "some specific possibilities." STA refused her request, instead advising her to seek employment elsewhere. After several more requests elicited the same answer, Homeyer filed an ADA claim with the EEOC and an Illinois Workers' Compensation claim. In August of 1993, with no accommodation forthcoming, Homeyer sought a doctor-prescribed medical leave from STA (until a smoke-free environment could be provided). STA denied her request, and she was terminated.

Following her termination, Homeyer filed this suit, alleging discrimination and retaliation under the ADA and also asserting several state law claims. STA moved to dismiss the complaint, claiming Homeyer could not

establish the threshold requirement that she suffered from a "disability" as defined by the ADA. The district court agreed and dismissed the action. The court found that Homeyer could not claim that her "sensitivity to ETS" substantially impaired her ability to find employment as a typist generally. It therefore concluded that Homeyer's major life activity of working was not substantially limited and she was not disabled or entitled to protection under the ADA.

## II.

We review a district court's grant of a motion to dismiss *de novo*. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir.1994). A claim should be dismissed only where it appears beyond a doubt that plaintiff can prove no set of facts that would entitle her to relief. *Lashbrook*, 65 F.3d at 1343.

An ADA plaintiff must suffer from a "disability" as defined in the Act in order to invoke the Act's protection. *Hamm v. Runyon*, 51 F.3d 721, 724 (7th Cir.1995); *Roth v. Lutheran General Hosp.*, 57 F.3d 1446, 1454 (7th Cir.1995). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(2)(A). EEOC regulations interpreting the Act define the term "major life activities" to include "functions, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. at 1630.2(i). "Substantially limits" means that the person is either unable to perform a major life function or is "significantly restricted as to the condition, manner or duration" under which the individual can perform a particular major life function, as compared to the average person in the general population. 29 C.F.R. at 1630.2(j).

The district court recognized that Homeyer's complaint alleged that her physical condition (chronic severe allergic rhinitis and sinusitis) substantially impaired her ability to breathe and that her condition, when aggravated by ETS, substantially limited her ability to work. With these allegations, it would seem that under the liberal federal notice pleading standards, Homeyer sufficiently pled the initial element of an ADA claim, i.e., that she suffers from a "disability" as defined in the Act. Homeyer was not required to plead facts or evidence to support her allegations; she was not even required to include a theory of the case. Her complaint was clear enough to inform STA of her claim. *See Daniels v. USS Agri-Chemicals*, 965 F.2d 376, 381 (7th Cir.1992); *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995); *American Nurses' Ass'n. v. Illinois*, 783 F.2d 716, 723 (7th Cir.1986). And Homeyer certainly did not plead any facts demonstrating that she could not state a claim; she did not plead herself out of court. *See id.* at 724; *Jackson*, 66 F.3d at 153.

Nonetheless, the district court dismissed Homeyer's claim, concluding that "Homeyer is not a qualified individual with a disability, and accordingly, is not entitled to the protection of the ADA...." The court seemed convinced that although Homeyer's condition may have prevented her from working at STA, there was no set of facts under which Homeyer could prove that "her sensitivity to ETS substantially limits her ability to find employment as a typist generally." Such a showing, the court correctly noted, was necessary for Homeyer to succeed on her claim that she was "disabled" because her ability to work was substantially limited. It is now well-established that "an inability to perform a particular job for a particular employer" is not sufficient to establish a substantial limitation on the ability to work; rather, "the impairment must substantially limit employment generally." *See Byrne v. Board of Educ.*, 979 F.2d 560, 565 (7th Cir. 1992); *see also Gupton v. Commonwealth of Virginia*, 14 F.3d 203, 205 n. 3 (4th Cir.) (collecting cases), *cert. denied*, —— U.S. ——, 115 S.Ct. 59, 130 L.Ed.2d 17 (1994); 29 C.F.R. § 1630.2(j)(3)(i). Although we agree with the district court's account of the law under the ADA, we are unable to accept the court's finding at this early stage in the case that Homeyer is not "disabled" for two reasons.

First, the court discussed only why Homeyer could not establish that her major

life activity of *working* was impaired, disregarding her contention that she was "disabled" because her major life activity of *breathing* was substantially limited by her respiratory condition. This would provide a separate basis for protection under the Act.[1] It is possible that the district court concluded that Homeyer's chronic severe allergic rhinitis and sinusitis could not (aside from its possible effect on her ability to work) constitute a substantial limitation on the activity of breathing as matter of law. A disability determination, however, should not be based on abstract lists or categories of impairments, as there are varying degrees of impairments as well as varied individuals who suffer from the impairments. *See Forrisi v. Bowen,* 794 F.2d 931, 933 (4th Cir.1986). In fact, the regulations note that a finding of disability:

> is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual. Some impairments may be disabling for particular individuals but not for others, depending upon the stage of the disease or disorder, the presence of other impairments that combine to make the impairment disabling or any number of other factors.

29 C.F.R.App. § 1630.2(j). This is why a determination of disability must be made on an individualized, case-by-case basis. *See Byrne,* 979 F.2d at 565; *Roth,* 57 F.3d at 1454; *Forrisi,* 794 F.2d at 933. Whether a substantial limitation upon a major life activity exists depends upon an analysis of 1) the nature and severity of the impairment, 2) the duration of the impairment, and 3) the permanent or long-term impact of the impairment. 29 C.F.R. § 1630.2(j). The district court did not engage in such an individualized inquiry into Homeyer's possible substantial breathing limitation when it dismissed Homeyer's claim based upon the general allegations in the complaint. Such a fact-based inquiry and determination is not generally motion to dismiss territory. Upon further inquiry and the submission of evidence bearing on these factors, it may very well be demonstrated that Homeyer's ailment does not rise to the level of "disability" under the Act, *see Roth,* 57 F.3d at 1454, but we cannot say at this stage that it would be impossible for her to show that her chronic severe allergic rhinitis and sinusitis either alone or in combination with ETS substantially limits her ability to breathe.

Second, we find premature the district court's conclusion that Homeyer cannot establish that her major life function of working is substantially limited because she cannot prove that "her sensitivity to ETS" forecloses her ability to work as a typist. The court's conclusion is necessarily based on the finding that there are sufficient typist positions in smoke-free environments in Homeyer's geographical area, which would enable Homeyer to work with her condition. Again, however, this conclusion is a factual determination, and is therefore not the type of finding that is generally appropriately made on a motion to dismiss. We have stated that in determining whether a particular impairment constitutes a significant barrier to employment for a particular person, a court should consider "the number of and type of jobs from which the impaired

---

1. STA argues that where, as here, plaintiff's alleged limitation is tied directly to her workplace environment (Homeyer cannot breathe because of the ETS at STA), the plaintiff's condition should be analyzed only as a possible limitation on her ability to work. This may be true where the plaintiff's impairment manifests itself only at work. It cannot be, however, that every plaintiff that merely links an existing disability to the workplace is limited to an "ability to work" analysis, for then every "disability" claim asserted in an action against an employer would collapse into an "ability to work" analysis. For example, a person in a wheelchair who seeks an accommodation from his employer would have to prove that his employment opportunities were limited generally in order to establish a "disability" under the Act; he would be unable to simply claim that his major life function of walking was substantially impaired. Homeyer did not allege that her "disability" was only tied to the workplace; rather, she alleged that her breathing was generally impaired by her respiratory condition and was aggravated by the ETS at STA. Additionally, Homeyer did not claim that it was only at work that ETS aggravated her ailment; there may be many other places where her condition combined with ETS limits her ability to breathe. Given Homeyer's allegations, she should be given the opportunity to prove that she is "disabled" because her ability to breathe, separate and apart from her ability to work, is impaired. After further discovery, it may become apparent that this is not the situation, but it is too early in the litigation to rule out this possibility.

individual is disqualified, the geographical area to which the individual has reasonable access, and the individual's job expectations and training." *Byrne,* 979 F.2d at 565 (quoting *Jasany v. U.S. Postal Service,* 755 F.2d 1244, 1249 (6th Cir.1985)); *see also* 29 C.F.R. § 1630.2(j)(3)(ii). An analysis of these factors requires some evidence of the employment market, the plaintiff's job capabilities, as well as the details of the nature and extent of the plaintiff's impairment. Because the district court here confronted a motion to dismiss, it was without any information or evidence regarding these factors and was therefore unable to undertake a meaningful analysis of the considerations outlined. Instead, the court assumed, seemingly as a matter of law, without the benefit of evidentiary support, that there were plenty of smoke-free places of employment at which Homeyer could work as a typist with her condition.

In effect, the court took judicial notice of the prevalence of smoking bans in office buildings and of the large number of typist positions available in the Chicago area. In urging the affirmance of the district court, STA asks us to do the same, pointing to statistics cited in law review articles and other journals regarding the decrease in smoking at the workplace. We do not believe the relevant fact is within the realm of judicial notice; we hesitate to say, based on generalized data collected in law review articles, that the prevalence of work environments with no-smoking policies with typist positions in Homeyer's geographical area is indisputable. Homeyer is seeking the chance to prove the proposition is debatable. Additionally, it is possible that many of these supposed alternative workplaces are not sufficiently "smoke-free" to accommodate Homeyer's condition or are unsuitable for various other reasons, such as incompatibility with Homeyer's training, skills, or expectations. It is precisely because there are usually many person-specific considerations that are relevant to the issue of disability that we have held that the finding should be based on an individualized inquiry and is "best suited to case-by-case determination." *Byrne,* 979 F.2d at 565.

In the cases primarily relied upon by the district court, the conclusion that the plaintiff's employment was not limited generally was reached only after an analysis of specific evidence on a motion for summary judgment or following a trial. *See id.* (jury trial); *Gupton,* 14 F.3d 203 (bench trial); *Roth,* 57 F.3d 1446 (preliminary injunction hearing); *Hamm,* 51 F.3d 721 (summary judgment); *Daley v. Koch,* 892 F.2d 212 (2d Cir.1989) (summary judgment). Following discovery, we surmise that Homeyer's claim may well be susceptible to a motion for summary judgment on the same grounds. It is our judgment that a motion to dismiss was simply the wrong vehicle for a disability determination in this case. In sum, although we suspect it will be very difficult for Homeyer to establish that her major life function of working is substantially limited, we cannot say beyond a doubt that Homeyer, if given an opportunity to submit evidence, would not be able to support her claim that her ability to find work as a typist generally is substantially limited by her respiratory condition.

Because we cannot agree with the district court that there is no set of facts under which Homeyer can prove that her respiratory ailments, which are aggravated by ETS, render her disabled under the ADA, we RE-VERSE the district court's dismissal and RE-MAND the case for action consistent with this opinion.