107 F.3d 13
 6 A.D. Cases 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald HOWARD, Plaintiff-Appellant,
v.
NAVISTAR INTERNATIONAL TRANSPORTATION CORP., Defendant-Appellee.
 No. 95-3941.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Feb. 5, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In December 1992, Ronald Howard filed a Charge of Discrimination with the Equal Opportunity Commission ("EEOC") alleging that Navistar had discriminated against him in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and had retaliated against him for filing a charge of discrimination earlier that year.[1] The EEOC issued a right-to-sue letter and Mr. Howard filed suit against Navistar alleging a violation of the ADA. He filed an amended complaint in January 1995 adding a retaliation claim. The district court granted summary judgment on behalf of Navistar and Mr. Howard appeals contending that the district court erred in its determination that he did not suffer from a disability and that Navistar did not retaliate against him in violation of the ADA.
 
 
 2
 Mr. Howard was hired by Navistar in May 1986 as a drill press operator and later worked in a variety of different positions. In December 1990, Mr. Howard was diagnosed as having lateral epicondylitis (commonly known as tennis elbow) of the right elbow. He underwent two surgeries between September 1991 and May 1992 to correct the problem. As a result, he was absent from work for a period of time after each surgery but returned to work each time with restrictions. After a dispute with Navistar in December 1992 regarding which tasks were within his restrictions, he underwent capacity testing at the request of Navistar. Subsequently, he continued to work with certain restrictions. On October 17, 1993, Mr. Howard was diagnosed with lateral epicondylitis of the left elbow and again was absent from work for a period of time.
 
 
 3
 In January 1994, Scott Homa became Mr. Howard's supervisor. Mr. Howard asserts that he made numerous complaints to Homa regarding the jobs he was asked to perform. He also alleges that Homa referred to him as a "wussy." Mr. Howard stopped working at Navistar on March 1, 1995, because of mental and emotional debilitation.
 
 
 4
 Mr. Howard asserts that he was discriminated against by Navistar because he was not permitted to work overtime while recovering from surgery. He also alleges that Navistar discriminated against him by failing to accommodate him in December 1992 when he was forced to work for approximately one week on a machine which caused him pain.[2]
 
 
 5
 We agree with the district court that Mr. Howard has failed to meet his threshold burden of showing that he is disabled within the meaning of the ADA. Roth v. Lutheran General Hosp., 57 F.3d 1446, 1453-54 (7th Cir.1995) (citations omitted). He first asserts that he is substantially limited in the major life activity of working. In order to demonstrate that he cannot perform such, he must show that he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i); see also Byrne v. Board of Educ., School of West Allis, 979 F.2d 560, 565 (7th Cir.1992).
 
 
 6
 While the notes and letters from his physician indicate that Mr. Howard was subject to certain working restrictions, they do not state that he cannot perform an entire class of jobs or a broad range of jobs in various classes. See Cochrum v. Old Ben Coal Co., No. 96-1073, 1996 WL 725708, at 3-4 (7th Cir. Dec. 17, 1996) (genuine issue of material fact existed where physician's restrictions of the plaintiff were so broad that a reasonable jury could conclude that the plaintiff's impairment substantially limited his ability to work). Further, Navistar conducted a functional capacity evaluation on Mr. Howard to identify the types of tasks that he could perform. He did not dispute the results of the study. In fact, after returning to Navistar in July 1992 after his second surgery, he worked on a milling machine in the machine shop with no problems until December 1992 when he was assigned to work on the "potato masher." Furthermore, the evidence indicates that although Mr. Howard was unable to perform certain functions within the Navistar machine shop, he continued to work there as a machinist until March 1995 when he left Navistar for mental and psychological reasons, not physical. Mr. Howard has not met his burden of demonstrating that he was substantially limited in the major life activity of working. Homeyer v. Stanley Tulchin Assoc., Inc., 91 F.3d 959, 962-63 (7th Cir.1996); see also 29 C.F.R. § 1620.2(j)(3)(ii); Bolton v. Scrivner, 36 F.3d 939, 942 (10th Cir.1994).
 
 
 7
 Mr. Howard asserts alternatively that even if he was not substantially limited in the major life activity of working, he was regarded by Navistar as having a disability. An employee is "regarded as having a disability" if a physical or mental impairment does not substantially limit a major life activity, but the employer treats the employee as if he were so limited. 29 C.F.R. § 1630.2(l).[3] Mr. Howard relies solely on a letter sent from an employee benefits representative at Navistar to Mr. Howard's doctor which states that employees who are recovering from an injury or who are on work restrictions are not eligible for overtime work as proof that Navistar regarded him as having a disability. This letter, however, standing on its own, is insufficient to demonstrate that Navistar regarded him as having a disability. First, the letter refers specifically to temporary restrictions due to a healing period. More important, however, is that Mr. Howard worked his regular hours during the period in which he was denied overtime and later was given the opportunity to make up the overtime which he had lost. He simply has not demonstrated that Navistar regarded him as having a disability.
 
 
 8
 Mr. Howard also claims that Navistar retaliated against him for filing charges with the Equal Opportunity Commission and the Wisconsin Equal Rights Division. Mr. Howard first asserts that his supervisor's alleged failure to accommodate him between December 2 and December 9, 1992, amounted to retaliation. Mr. Howard's supervisor, however, understood his restrictions as of December 2, 1992, that he could not "tighten down castings [with] wrenches" to mean that Mr. Howard could not use manual wrenches and gave him an air ratchet to use instead. When disagreements continued to arise between Mr. Howard and his supervisor regarding Mr. Howard's work restrictions, Navistar ordered the capacity evaluation of Mr. Howard. Navistar's prompt attention to Mr. Howard's complaints and its efforts to accommodate him cannot be construed as an adverse employment action against Mr. Howard. Crady v. Liberty Nat. Bank & Trust Co., 993 F.2d 132, 136 (7th Cir.1993) (stating that a materially adverse change in the terms of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities). Furthermore, Mr. Howard has failed to show any causal link between the alleged failure to accommodate and his filing of the discrimination charges. Roth, 57 F.3d at 1459.
 
 
 9
 With respect to the alleged harassment by Scott Homa and others, such conduct simply fails to rise to the level of an adverse employment action. Vande Zande, 44 F.3d at 546. One comment[4] is not sufficient to demonstrate an adverse employment action. Mr. Howard simply has not created a genuine issue of material fact that he suffered any adverse actions while at Navistar and even if he did, that these actions were in any way related to the filing of his ADA charges.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In September, 1992, Mr. Howard filed a discrimination claim with the Wisconsin Equal Rights Division ("ERD"), alleging that Navistar had discriminated against him in violation of the ADA by not permitting him to work overtime
 
 
 [2]
 Mr. Howard also makes general assertions that Navistar discriminated against him by not accommodating him although it accommodated other employees with lateral epicondylitis. See Pl. Brief In Opposition to Navistar's Motion for Summary Judgment at 28-29. However, he offers no evidence in terms of the jobs he was asked to perform between 1993 and 1995 and specifically how these assignments were outside of his work restrictions
 
 
 [3]
 Although the regulations discuss two other ways in which an employee can demonstrate that an employer regards him as having a disability, they are not applicable here and will not be discussed. See 29 C.F.R. § 1630.2(l)
 
 
 [4]
 Although Mr. Howard testified to derogatory statements allegedly made by Navistar management, these were unsupported by affidavits or corroborating testimony at the district court level. Mr. Howard's motion to supplement the record on appeal with sworn statements by his coworkers documenting the harassment was denied. Thus, all references to documents which were attempted to be supplemented into the record by Mr. Howard have not been considered on appeal