A. Robert McKAY, Plaintiff,

v.

TOWN AND COUNTRY CADILLAC, INC. and Max Cohen, Defendants.

No. 97 C 2102.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 25, 1997.

Monica Elisabeth McFadden, McFadden Law Offices, Chicago, IL, for Plaintiff.

James Franklin Best, Michelle K.B. Garcia, Best, Mangan & Langhenry, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiff A. Robert McKay ("McKay") brings this action against Town and Country Cadillac, Inc. ("Town & Country") and Max Cohen alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Additionally, McKay alleges state law claims of intentional infliction of emotional distress and defamation. Before the Court is Defendants' Motion to Dismiss pursuant to Fed.R.Civ.Proc. 12(b)(6).

### I. Factual Background

For the purposes of this motion, the Court finds Plaintiff sufficiently alleges the following relevant facts.

From June of 1995 until June 26, 1996, Town & Country employed McKay as its New Car Sales and Lease Manager. Born on June 17, 1951, McKay was over forty years of age during his entire tenure at Town & Country. Cohen was the owner and president of Town & Country and, at all times relevant, "was acting as the alter ego" of Town & Country. Comp. ¶ 6.

On or about May 30, 1996, the following events occurred: (1) McKay informed Cohen that McKay was a recovering alcoholic, (2) Cohen "verbally abused" McKay concerning his alcoholism, (3) Cohen called McKay a "drunk" and a "drug addict"; (4) Cohen accused McKay of driving his demonstration vehicle under the influence of alcohol and of allowing his alcoholism to negatively affect his job; (5) Cohen told McKay he was taking away McKay's demonstration vehicle because of his alcoholism and ordered a Town & Country employee to do so.[1] Cohen re-

---

1. Although these events are listed in the order they were alleged in the Complaint, McKay does not allege any particular order of events. The

peated the above statements to other employees of Town & Country and, on information and belief, to other third parties.

Between May 30, 1996 and June 26, 1996, Cohen charged McKay for all personal phone calls made since his hiring; docked McKay for personal leave days taken prior to May 30, 1996; implemented a less-favorable pay plan for McKay; and directed McKay to reimburse Town & Country for previous draws against his commission. Each of these actions were "contrary to the custom and practice of [Town & Country] and the auto sales/leasing industry and were taken against no other management employee." Comp. ¶¶ 32, 33.

At all times relevant, Cohen was "adequately performing his duties" and "was able to perform the essential functions [of his job] with or without reasonable accommodations." Comp. ¶¶ 15, 16. Prior to May 30, 1996, McKay's performance had not been criticized and, on the contrary, Cohen congratulated McKay numerous times regarding McKay's performance. After May 30, 1996, McKay's performance was "consistently criticized" and was given "unrealistic goals and expectations to meet." Comp. ¶ 36.

On June 26, 1996, Town & Country terminated Plaintiff at Cohen's direction. He was replaced by a younger, "non-disabled" individual. On or about November 29, 1996, McKay filed discrimination charges against Town & Country and Cohen with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights. On or about January 22, 1997, McKay received a Notice of Right to Sue from the EEOC.

## II. Standards for Motion to Dismiss

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint. *See Adams v. Cavanagh Communities Corp.,* 847 F.Supp. 1390, 1396 (N.D.Ill.1994). In order to survive a motion to dismiss, a complaint must allege sufficient facts to outline a cause of action. *Davis v. Frapolly,* 747 F.Supp. 451 (N.D.Ill.1989). The complaint "must state either direct or inferential allegations

concerning all of the material elements necessary for recovery under the relevant legal theory." *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Dev. Co.,* 758 F.2d 203, 207 (7th Cir.1985).

The Court must accept as true all well pleaded factual allegations in the complaint and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Cornfield v. Consolidated High School District No. 230,* 991 F.2d 1316, 1324 (7th Cir.1993). "While the plaintiff can plead conclusions, the conclusions must provide the defendant with at least minimal notice of the claim." *Jackson v. Marion County,* 66 F.3d 151, 154 (7th Cir.1995); *see also, Homeyer v. Stanley Tulchin Associates, Inc.,* 91 F.3d 959, 961 (7th Cir.1996). However, the Court need not accept as true conclusory legal allegations. *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 730 (7th Cir.1994). When evaluating the legal sufficiency of a plaintiff's factual allegations, courts are held to a strict standard. A motion to dismiss may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Cushing v. City of Chicago,* 3 F.3d 1156, 1159 (7th Cir.1993).

## III. Analysis

Defendants seeks dismissal of Count II(ADA), Count III (intentional infliction of emotional distress) and Count IV (defamation). Furthermore, Cohen seeks to be dismissed from the discrimination counts, Count I (ADEA) and Count II.

### A. Dismissal of Cohen from Employment Discrimination Counts (Counts I and II)

■ The parties agree that the individual Defendant, Cohen, is not an "employer" within the meaning of the ADEA, *Williams v. Banning,* 72 F.3d 552 (7th Cir.1995), or the ADA, *E.E.O.C. v. AIC Security Investigations, Ltd.,* 55 F.3d 1276. Accordingly, the Court dismisses Cohen from Counts I and II.

Complaint states only that the events occurred

"[o]n or about May 30, 1996."

## B. Dismissal of Count II(ADA)

■ Under the ADA, an employer is prohibited from discriminating against a "qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). Hence, in order to state a claim of discrimination under the ADA, Plaintiff must allege "(1) that [he] is a disabled person within the meaning of the ADA; (2) that [he] is qualified, that is, with or without reasonable accommodation (which [he] must describe), [he] is able to perform the essential functions of the job; and (3) that [he] suffered an adverse employment action because of [his] disability." *Garza v. Abbott Laboratories*, 940 F.Supp. 1227, 1234–35 (N.D.Ill.1996).

■ First, Defendant argues Plaintiff's claim under the ADA should be dismissed because Plaintiff inadequately alleges that he suffers from a "disability" as that term is used in the ADA. For the purposes of the ADA, a "disability" is defined as,

(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2); *Roth v. Lutheran General Hospital*, 57 F.3d 1446, 1454 (7th Cir. 1995). Defendant contends Plaintiff does not sufficiently allege a disability because he does not allege that his condition substantially limits one or more of his major life activities. Indeed, Plaintiff's alleges simply that he has the "disability of alcoholism." ¶¶ 17, 19, 20.[2] Defendant claims that this conclusory allegation is insufficient as it does not "demonstrate that he has a physical condition which substantially limits one or more of his major life activities." (Def. Brief at 3.) Furthermore, Defendant argues, alcoholism is not necessarily a disability as alcoholism does not always substantially limit a major life activity.

■ The Court finds that Plaintiff's allegation that he suffers from the "disability of alcoholism" satisfactorily alleges the disability element of Plaintiff's ADA claim. As the Seventh Circuit made clear in *Jackson*, a plaintiff may plead factual conclusions so long as the pleadings give Defendant notice of the claims being made. Hence, contrary to Defendant's contention, Plaintiff need not specifically plead that his alleged condition satisfies each aspect of the definition of a "disability." Pleading the factual conclusion, rather than each and every element of the definition, is sufficient. By stating that the alleged disability is alcoholism, Plaintiff gives Defendants adequate notice of his claim. Therefore, the Court finds that Plaintiff's conclusory allegation of a disability is sufficient.[3]

■ Second, Defendants argue Plaintiff fails to state a claim because he fails to allege that he was not intoxicated at work. Furthermore, Defendants contend that at least some of the alleged discriminatory acts occurred before Plaintiff informed them that he is an alcoholic.

Regardless of the actual order of events and whether or not Plaintiff was drunk, Defendant's argument is without merit. Plaintiff alleges the required elements of a discrimination claim under the ADA and is not required to plead any further. While "a plaintiff can plead himself out of court by

---

2. Although Plaintiff does not flatly allege that he suffers from the "disability of alcoholism," the Court finds that such an allegation is inferred by Plaintiff's allegations referencing that disability. For instance, ¶ 17 of the Complaint alleges, "At no time did Plaintiff's disability of alcoholism affect his work as New Car Sales and Lease Manager." From this allegation, as well as other similarly-worded allegations, the Court draws the obvious inference that Plaintiff's suffers from the "disability of alcoholism."

3. However, the Court agrees with Defendant's argument that a person suffering from alcoholism is not necessarily a person with a disability under the ADA. The inquiry into whether a person is disabled is an individualized, case-by-case affair, looking beyond the name Plaintiff attaches to his alleged condition. *Homeyer*, 91 F.3d at 962; *Roth*, 57 F.3d at 1454. While the cases cited by Plaintiff establish that alcoholism *can* be a disability, the Court does not interpret those cases as holding that alcoholism is a disability *per se*. As already stated, Plaintiff sufficiently pleads that he is disabled; but to establish that disability as a matter of fact, Plaintiff will need to go beyond showing that he is an alcoholic.

alleging facts which show that he has no claim ... he is not required to allege those facts." *Jackson,* 66 F.3d at 152.

Furthermore, the Court rejects Defendant's argument regarding the order of events on May 30, 1996. Defendant argues that reading Plaintiff's allegations "in a logical manner reveals" that Cohen first accused Plaintiff of drunk driving on the job and only then did Plaintiff fees up to his alcoholism. While Defendants' version of the May 30, 1996 events may be reasonably inferred from Plaintiff's complaint, at this stage the Court must draw all reasonable inferences in favor of the Plaintiff. Hence, the Court draws a different reasonable inferences, that the events happened in the order presented in the Complaint. Besides, even if the drunkenness accusation was made first, Plaintiff could still establish his case, particularly if he could establish that the accusation was false. Therefore, while Defendants' argument may be fodder for summary judgment, it is not appropriate at this early stage of the litigation.

Therefore, the Court denies Defendant's motion with respect to dismissing Count II of Plaintiff's Complaint.

### C. Dismissal of Count III (Intentional Infliction of Emotional Distress)

Defendant argues that Plaintiff's state law claim for intentional infliction of emotional distress ("IIED") (1) is barred by the Illinois Workers Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.,* and (2) fails to state a claim. The Court considers each argument in turn.

#### 1. IWCA Does Not Bar Plaintiff's Common Law Claims

■ Under the IWCA, "an employee has no right to recover damages from the employer or its agents or employees for accidental injuries incurred in the course of employment." *Hunt–Golliday v. Metropolitan Water Reclamation District of Greater Chicago,* 104 F.3d 1004, 1016 (7th Cir.1997). Thus, Plaintiff must demonstrate one of the following four propositions: (1) the injury was not accidental, (2) the injury did not arise from his employment, (3) the injury was

not received during his employment, or (4) the injury is not compensable under the Act. *Id.; Meerbrey v. Marshall Field and Co.,* 139 Ill.2d 455, 463, 151 Ill.Dec. 560, 564 N.E.2d 1222 (1990).

■ As Plaintiff alleges his injury was not accidental, for the purposes of this motion the Court finds that the IWCA does not bar Plaintiff's action. Cohen allegedly inflicted Plaintiff's injuries intentionally. The IWCA does not shield from liability an employee who intentionally injures a fellow employee. *Meerbrey,* 139 Ill.2d at 463, 151 Ill. Dec. 560, 564 N.E.2d 1222. Accordingly, the IWCA does not bar Plaintiff's action with respect to Cohen. Furthermore, the IWCA does not bar Plaintiff's action against Town & Country. An injury intentionally inflicted on an employee by another employee is considered "accidental on behalf of the employer if it was unexpected and unforeseen by the injured party, unless the employer expressly authorized the co-employee to commit the tort." *Hunt–Golliday,* 104 F.3d at 1016. However, an action will not be barred with respect to injuries that the employer or its "alter ego" intentionally inflicted. *Id.* at 1017. Plaintiff alleges Cohen, the owner and president of Town & Country, is the alter ego of the company. (Comp.¶ 6.) Although Defendants claim "plaintiff is unable to prove that the defendant acted as the alter ego of the company," Def. Resp. at 7, whether Plaintiff can prove the point is irrelevant at this stage of the litigation. For now, Plaintiff need only allege facts, not prove them. Plaintiff has alleged that when Cohen intentionally injured Plaintiff, Cohen was acting as the alter ego of Town & Country; accordingly, for the purposes of this motion, the Court finds the IWCA does not bar Plaintiff's claims against Town & Country.

#### 2. Plaintiff Alleges Elements of IIED Claim

■ In order to state an IIED claim under Illinois law, Plaintiff must allege: (1) Defendants acted in an extreme and outrageous manner; (2) Plaintiff suffered severe emotional distress; (3) Defendants intended to cause, or had a reckless disregard of the

probability of causing, emotional distress; and (4) Defendants actually or proximately caused the emotional distress by the outrageous conduct. *Hunt–Golliday*, 104 F.3d at 1016; *Doe v. Calumet City*, 161 Ill.2d 374, 204 Ill.Dec. 274, 641 N.E.2d 498 (1994). Defendants claim Plaintiff has failed to sufficiently allege any of these elements.

▮ The Court first considers whether Plaintiff sufficiently alleges extreme and outrageous acts on the part of Defendant. Illinois courts have found liability "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency...." *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 702–703 (7th Cir.1993); *Public Fin. Corp. v. Davis*, 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765, 767 (1976). The Court applies an objective standard in determining whether the alleged conduct is sufficiently extreme and outrageous, *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 623 (7th Cir. 1989), inquiring whether "the distress inflicted is so severe that no reasonable man could be expected to endure it." *Id.* In the workplace setting, courts have found that terminating an employee in violation of an anti-discriminatory statute, or harshly criticizing or insulting an employee, is not enough to constitute extreme and outrageous conduct. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 702–703 (7th Cir.1993); *Public Fin. Corp. v. Davis*, 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765, 767 (1976).

In accordance with Illinois case law regarding IIED claims, the Court finds Plaintiff fails to allege that Defendant committed an "extreme and outrageous" act. To be sure, Plaintiff alleges that "Defendants' conduct was outrageous and so extreme in degree as to go beyond the bounds of decency and to be regarded as atrocious and intolerable in a civilized society." (Comp.¶ 57.) But this allegation is a mere legal conclusion, characterizing conduct factually described in the Complaint, and the Court disregards that allegation and looks only to the Complaint's factual allegations. *See Baxter*, 26 F.3d at

730. The Complaint alleges Defendants' "extreme and outrageous" acts were: verbally abusing and insulting Plaintiff on May 30, 1996; repeating those (allegedly false) statements to others; taking away Plaintiff's demonstration vehicle; effectively reducing Plaintiff's pay; searching Plaintiff's telephone records for personal phone calls; docking Plaintiff for personal leave days taken prior to May 30, 1996; ordering Plaintiff to reimburse Town & Country for draws he previously made against his commission; and, on June 26, 1996, terminating Plaintiff's employment. Except for the termination, Defendant's alleged acts, individually and cumulatively, amount to little more than annoyances and insults, and, given the high standard established by the case law, are a far cry from being sufficiently outrageous to support an IIED claim. As demonstrated above, courts have rejected IIED claims based on acts far worse than those alleged here. Furthermore, as demonstrated above the courts consistently have held that the most extreme of the alleged acts, terminating Plaintiff's employment in violation of federal anti-discrimination laws, is insufficient to support an IIED claim.

Accordingly, the Court finds that Plaintiff fails to state a claim for intentional infliction of emotional distress and, as a result, dismisses Count III of Plaintiff's complaint.[4]

### D. Dismissal of Count IV (Defamation)

▮ Lastly, Plaintiff seeks to state a claim for defamation *per se*. In order to state a claim for defamation under Illinois law, Plaintiff must allege: (1) defamatory assertion of fact about Plaintiff; (2) publication of that assertion; and (3) injury to Plaintiff's reputation. *Cozzi v. Pepsi–Cola General Bottlers, Inc.*, 1997 WL 308841 (N.D.Ill. June 2, 1997). However, if the defamatory statement is actionable *per se*, injury to reputation is presumed, excusing Plaintiff from pleading (or proving) that element. *Bryson v. News America Publications, Inc.*, 174 Ill.2d 77, 220 Ill.Dec. 195, 672 N.E.2d 1207,

---

4. As the Court finds that Plaintiff fails to sufficiently allege the first element of his IIED claim, and that single failure implies Plaintiff fails to state a claim, the Court will not consider whether Plaintiff alleges the remaining elements of his IIED claim.

1214 (1996). Under common law,[5] four categories of statements are considered actionable *per se:* (1) statements imputing commission of a criminal offense, (2) statements imputing infection with a loathsome communicable disease, (3) statements imputing inability to perform or want of integrity in the discharge of duties of office or employment, or (4) words that prejudice a party, or impute lack of ability, in his or her trade. *Id.* at 1214–15. But a statement falling in one of the *per se* categories will *not* be actionable *per se* if it is "reasonably capable of innocent construction." *Id.* at 1215. In applying the "innocent construction rule," the Court considers the statement in its full context and gives the words and implications their natural and obvious meanings. *Id.*

 Defendant claims that none of Plaintiff's allegations support a claim of defamation *per se;* however, the Court rejects this claim. Plaintiff specifically alleges that Defendant Cohen accused Plaintiff of driving his demonstration vehicle under the influence of alcohol, Comp. ¶ 20, and repeated that statement to others. Comp. ¶¶ 22, 24. Of course, driving an automobile under the influence of alcohol is a crime in Illinois. 625 ILCS 5/11–501 (West 1997). Thus, Cohen's alleged statement squarely fits into the first category of *per se* defamatory statements, those which impute commission of a crime. While some or all of the other alleged statements at least arguably are capable of reasonable innocent constructions, there simply is no innocent construction of the Cohen's alleged drunk-driving accusation—it clearly and unavoidably imputes that Plaintiff committed the crime of driving under the influence of alcohol. Accordingly, the alleged statement is defamatory *per se.*

Therefore, the Court finds that Plaintiff states a claim for defamation *per se* and denies Defendants' motion to dismiss Count IV of Plaintiff's Complaint.

## IV. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Defendant's

motion to dismiss. Specifically, the Court dismisses Defendant Cohen from Counts I and II of Plaintiff's Complaint and dismisses Count III of Plaintiff's Complaint in its entirety, but denies the remainder of Defendant's motion.

---

5. Illinois has expanded the categories of *per se* defamatory statements by statute, *Bryson,* 220 Ill.Dec. 195, 672 N.E.2d at 1214, but none of the additional categories are applicable in this action.