In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1364

THOMAS M. MATTICE, M.D.,

Plaintiff-Appellant,

v.

MEMORIAL HOSPITAL OF
SOUTH BEND, INC.

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 98 C 303--Robert L. Miller, Jr., Judge.

ARGUED February 22, 2001--DECIDED MAY 7, 2001

   Before BAUER, COFFEY, and MANION, Circuit
Judges.

   MANION, Circuit Judge.  Dr. Thomas
Mattice worked for Memorial Hospital in
South Bend, Indiana as an
anesthesiologist until he went on leave
for depression and panic disorder.
Mattice claims that after he returned to
work, Memorial discriminated against him
based on his disability, and he sued
under the ADA. The district court
dismissed his complaint for failure to
state a claim. Mattice appeals. We
reverse and remand for further
proceedings.

Background/1

   Dr. Mattice began working as an
anesthesiologist for Memorial Hospital in
July 1991. In January 1995, he was
hospitalized for about a week due to
panic disorder and major depression, but
he returned to work after being placed on
various medications. However, Dr. Mattice
had problems with side effects from the
medications and took a medical leave of
absence from May to August 1995. After
that leave of absence, he was released to
return to work without restrictions, but
Memorial required a second opinion. After
Dr. Mattice provided one, Memorial let
him return to work, but subjected him to
more rigorous and critical observation.

In September 1996, a patient at Memorial died in the operating room while Dr. Mattice was performing the anesthesia care for the patient. Memorial immediately suspended him, but a peer-review panel recommended that he be allowed to return to work. Memorial refused to lift the suspension, so Dr. Mattice complained to the Memorial Board of Trustees. The Trustees revoked his suspension, but conditioned his return to work on monitoring and testing relating to his mental health history. Memorial later terminated Dr. Mattice, although it is unclear from the amended complaint exactly what happened. In any event, Dr. Mattice filed a charge of disability discrimination with the EEOC against Memorial, and after receiving a Right to Sue letter, he sued Memorial Hospital in federal district court under the ADA; he also alleged several pendent state claims./2

Memorial moved to dismiss Dr. Mattice's ADA claim, arguing that he failed to state a claim under the ADA. The district court agreed based on the Supreme Court's recently rendered decision in Sutton v. United Airlines, Inc., 119 S.Ct. 2139 (1999). However, because this decision was handed down after Dr. Mattice had filed his complaint, the district court granted him leave to amend the complaint. Dr. Mattice filed an amended complaint, but the district court concluded that his new allegations were still insufficient under Sutton, and accordingly it dismissed his ADA claim. The district court then refused to exercise jurisdiction over Dr. Mattice's pendent state law claims. Dr. Mattice appeals.

Analysis

"A complaint should be dismissed only where it appears beyond a doubt that plaintiff can prove no set of facts that would entitle [him] to relief." Homeyer v. Stanley Tulchin Assoc., Inc., 91 F.3d 959, 961 (7th Cir. 1996). Because Dr. Mattice seeks to state a claim under the ADA, in order to determine whether the district court erred in dismissing his complaint, we begin with the statute. The ADA provides that an employer shall not "discriminate against a qualified individual with a disability." 42 U.S.C.

sec. 12112(a). A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. sec. 12111(8). The ADA further defines "disabled" as someone who:

(a)  Has a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(b)  has a record of such impairment; or

(c)  is regarded as having such an impairment.

42 U.S.C. sec. 12102(2).

  While Dr. Mattice does not claim that he currently "has a physical or mental impairment that substantially limits one or more . . . major life activities," as noted above, an individual is disabled under the ADA if they have "a record of such impairment" or are "regarded as having such an impairment." In this case, in his complaint, Dr. Mattice alleged a disability under these latter two definitions. Specifically, he alleged that Memorial Hospital regarded him as having a substantial impairment "in the major life activit[y] of cognitive thinking . . . ." Additionally, he alleged that he "has a history of a significant impairment of major life activities of sleeping, eating, thinking, and caring for himself in addition to other life activities significantly impaired by the existence of and care and treatment for panic disorder, severe depression and suicidal ideation." These allegations are sufficient to state a claim under the ADA. See, e.g., Homeyer, 91 F.3d at 961 (holding that under liberal federal notice pleading standards, plaintiff sufficiently pleaded ADA claim by alleging that she suffered from chronic severe allergic rhinitis and sinusitis which substantially impaired her ability to breathe); Duda, 133 F.3d at 1059 (holding that plaintiff sufficiently pleaded a claim under the ADA by alleging that he suffered from a psychiatric illness and was diagnosed as a manic depressive and that the defendant-employer was aware of that

diagnosis and regarded him as disabled and substantially limited in major life activities).

Memorial claims otherwise, relying on Sutton. In Sutton, two sisters sued United Airlines under the ADA after United Airlines refused to hire them as global airline pilots based on their poor (uncorrected) eyesight. The plaintiffs alleged in their complaint that United mistakenly believed that their physical impairments substantially limited them in the major life activity of working. The Supreme Court held that the district court had properly dismissed the sisters' complaint, concluding that the plaintiffs could not state a claim under the ADA because "[w]hen the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." Id. at 2151. Because "global airline pilot" is not a "broad class of job," but is rather a very specialized position for a limited group of pilots, the Supreme Court held that the sisters were not "disabled" within the meaning of the ADA. For instance, they could still be qualified as regional pilots or pilot instructors.

Memorial contends that Dr. Mattice, like the Sutton sisters, is merely unable to work as an anesthesiologist, and because that is not a "broad class of jobs," he is not disabled under the ADA. Had Dr. Mattice alleged that Memorial regarded him as limited in the major life activity of working, we would agree with this analysis, but he did not; rather, he alleged that Memorial regarded him as limited in the major life activity of "cognitive thinking." This distinguishes his case from Sutton, and significantly so, because in reaching its decision in Sutton the Supreme Court explicitly noted: "Petitioners do not make the obvious argument that they are regarded due to their impairments as substantially limited in the major life activity of seeing. They contend only that respondent mistakenly believes their physical impairments substantially limit them in the major life activity of working." Sutton, 119 S.Ct. at 2150. This language demonstrates that the Supreme Court's holding that to be disabled the plaintiff must allege the inability to work in a

"broad class of jobs" was limited to the specific allegation at issue in that case--the major life activity of working as a global airline pilot./3 In this case, because Dr. Mattice alleged that Memorial regarded him as limited in a different major life activity--that of cognitive thinking--Sutton is inapplicable. See, e.g., Homeyer, 91 F.3d at 962 (holding that district court erred in dismissing ADA complaint where plaintiff alleged both a substantial limitation in the major life activity of working and the major life activity of breathing).

Memorial argues in response that while Dr. Mattice alleged that Memorial believed him to be significantly impaired in the major life activity of cognitive thought, "that was really a claim that he was mistakenly believed to be substantially limited [in] the major life activity of working." We rejected a similar attempt to recast the plaintiff's complaint in Homeyer. In that case, the plaintiff had alleged that she was substantially impaired in her ability to breathe and in her ability to work. This court held that the district court had improperly ignored the "ability to breathe" allegation, focusing solely on the life activity of working. Id. at 962. We further rejected the defendant's attempt to translate the "ability to breathe" allegation into a claim of a limitation on the ability to work, noting that "[i]t cannot be, however, that every plaintiff that merely links an existing disability to the workplace is limited to an 'ability to work' analysis, for then every 'disability' claim asserted in an action against an employer would collapse into an 'ability to work' analysis." Id. at 962 n.1. Accordingly, we reject Memorial's attempt to reformulate Dr. Mattice's "cognitive thinking" allegation into a claim of a substantial limitation in the ability to work.

Moreover, in this case Dr. Mattice also alleged that he had a "record of impairment" in the major life activities of sleeping, eating, thinking and caring for himself. Because the ADA defines an individual as "disabled" if they currently have a substantial limitation in a "major life activity," or are regarded as having such a limitation, or have a record of such a limitation, Dr.

Mattice's allegation of a record of such an impairment also states a claim under the ADA. See, e.g., Duda, 133 F.3d at 1058 n.6 ("'Major life activities' include such basic functions as 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'") (quoting 29 C.F.R. sec. 1630.2(i)). Therefore, the district court should not have dismissed Dr. Mattice's complaint for failure to state a claim. Because the district court erroneously dismissed Dr. Mattice's federal claim, we also reverse the district court's decision not to exercise jurisdiction over the state supplemental claims.

Before closing, we note that this case is before us on 12(b)(6) dismissal, and it is on that basis alone that we rule. It may well be that at the summary judgment stage, Memorial is able to present evidence demonstrating that Dr. Mattice was not "a qualified individual with a disability" as defined by the ADA, or that his alleged impairments were not "substantial limitations," or that it did not discriminate against Dr. Mattice, or that the added scrutiny of Dr. Mattice was reasonably necessary given his role as an anesthesiologist. See, e.g., Duda, 133 F.3d at 1060. But at this stage, dismissal was inappropriate.

Conclusion

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In this case, Dr. Mattice alleged that he was disabled because Memorial regarded him as substantially limited in the major life activity of cognitive thinking and because he had a record of impairment in the major life activities of sleeping, eating, thinking and caring for himself. Moreover, because Dr. Mattice did not allege an impairment in the major life activity of working, Sutton is inapplicable and Dr. Mattice was not required to allege that he was "unable to work in a broad class of jobs." Therefore, Dr. Mattice's allegations are sufficient to state a claim under the ADA, and the district court erred in dismissing his complaint.

Therefore we reverse and remand for further proceedings.

FOOTNOTES

/1 The following facts are gleaned from the complaint and for purposes of 12(b)(6), we must assume them to be true. Duda v. Board of Educ., 133 F.3d 1054, 1055 (7th Cir. 1998).

/2 Dr. Mattice also sued Michiana Anesthesia Care, Neil Lesh, M.D., and Dean Strycker, M.D., but he later stipulated to dismiss those defendants with prejudice. Because those defendants are no longer involved, we limit our discussion of the facts to the complaint against Memorial Hospital.

/3 In this case, the EEOC filed an amicus brief arguing that the district court erroneously created a heightened pleading standard for ADA claims by requiring that a plaintiff allege the inability to work in a broad class of jobs. While we agree with the EEOC that Sutton did not create a heightened pleading standard, we note that under Sutton, a plaintiff can plead himself out of court by alleging as his disability the inability to work in a limited class of jobs.