**SOO LINE RAILROAD COMPANY,**
Plaintiff–Appellant/Cross–
Appellee,

v.

**ST. LOUIS SOUTHWESTERN RAILWAY
COMPANY, Defendant–Appellee/Cross–
Appellant.**

Nos. 96–3842 & 96–3928.

United States Court of Appeals,
Seventh Circuit.

Argued May 15, 1997.

Decided Sept. 8, 1997.

Michael W. Rathsack (argued), Thomas L. Hogan, Connelly & Schroeder, Soo Line Railroad Company, Chicago, IL, for Plaintiff–Appellant/Cross–Appellee.

Richard M. Kates (argued), Chicago, IL, for Defendant–Appellee/Cross–Appellant.

Before POSNER, Chief Judge, and KANNE and EVANS, Circuit Judges.

KANNE, Circuit Judge.

This case concerns a contract between the Soo Line Railroad Company (Soo) and the St. Louis Southwest Railway Company (SSW) under which SSW agreed to "interchange" railroad freight cars through its Armourdale rail yard in Kansas City, Kansas.[1] SSW also agreed to perform certain services on these cars at the Armourdale yard. This interchange agreement covered both cars entering the yard *from* the Soo and cars leaving the yard *to* the Soo.

Before cars leaving the yard could reach the Soo, however, they had to pass over tracks owned by the Kansas City Terminal (KCT). The KCT imposed "zone" charges on these cars, and the Soo paid approximately $900,000 in these charges between September 1984 and June 1991. The contract between the Soo and SSW, however, provided:

> On cars interchanged from SSW to [the Soo] at Armourdale, SSW shall reimburse [the Soo] the Kansas City Terminal zone charges which are paid by [the Soo] to Kansas City Terminal.

Although the Soo was therefore entitled to reimbursement, it failed to bill SSW for the money until 1992. The Soo mistakenly thought SSW was paying the KCT charges directly, thus making reimbursement unnecessary. When the Soo finally did ask SSW for reimbursement, SSW paid approximately $300,000 for charges incurred after June 1989, but refused to pay the other $600,000 for charges prior to June 1989. SSW cited a three-year statute of limitations specified by a provision of the Interstate Commerce Act (ICA). Under the version of the statute then in effect,

> [a] common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission under chapter 105 of this title ... must begin a civil action to recover charges for transportation or service provided by the carrier ... within 3 years after the claim accrues.

49 U.S.C. § 11706(a) (1994). When the Soo sued, the District Court agreed that this statute of limitations applied and therefore dismissed the suit as time-barred.

The Soo now appeals, contending that this federal statute of limitations is inapplicable because the Soo is not seeking "to recover charges for transportation or service" that it has provided. The Soo argues that it was the recipient, not the provider, of services and that SSW's obligation to reimburse the Soo is an independent contractual obligation outside the domain of the ICA. The Soo cites *Seaboard Coast Line R.R. v. Long Island R.R.*, 595 F.2d 96 (2d Cir.1979), in which the Second Circuit held that the ICA statute of limitations did not apply to a similar reimbursement claim. Long Island had agreed to pay Seaboard for use of Seaboard's freight cars, but Seaboard promised to repay Long Island for any charges later found unreasonable by the Interstate Commerce Commission. *See id.* at 98. When Seaboard refused to reimburse Long Island based on the ICA statute of limitations, the Second Circuit held that "[b]ecause neither the Commission's order nor the statute purported to deal in any

---

1. The contract was originally between the Chicago, Milwaukee, St. Paul and Pacific Railroad Company and SSW. In 1985, however, the Soo purchased the assets of the Milwaukee Road and took assignment of its operating agreements.

way with the contract between Long Island and Seaboard, Long Island was entitled to pursue its common-law remedy for Seaboard's failure to perform." *Id.* at 100. The Soo argues that its claim is even less related to the ICA than Long Island's and should *a fortiori* be governed by the longer state-law contract statute of limitations.

SSW, meanwhile, maintains that the Soo did provide services to SSW and that the federal statute of limitations therefore does apply. SSW cannily argues that industry practice made *it* responsible for getting the Soo's cars across the KCT tracks to the Soo's yard. Thus, the argument goes, the Soo's initial payment of the KCT charges relieved SSW of an obligation. The Soo, in other words, performed a service for SSW, and SSW's reimbursement to the Soo was to be a payment for services rendered. SSW also argues that we should read the federal statute of limitations broadly, citing *Chicago and North Western Transp. Co. v. Atchison, Topeka, and Santa Fe Ry. Co.*, 609 F.2d 1221 (7th Cir.1979), in which we held that the statute applied not only to actions between carriers and shippers but also to actions between only carriers. *See id.* at 1225–26.

We need not decide this issue today, however, because the Soo has made a binding admission that it did provide services to SSW. In its amended complaint, the Soo stated that the contract called for the Soo "to be compensated for services its agents performed for, and on behalf of, the SSW." The Soo also stated that it had "abided by the terms of the agreement by providing the services called for in the agreement." Finally, the Soo asserted that the SSW had "refus[ed] to fully compensate the Soo for the work performed by the Soo's agents."

 The Soo has fallen victim to the well-settled rule that a party is bound by what it states in its pleadings. "Judicial admissions are formal concessions in the

pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller v. United States,* 58 F.3d 1194, 1198 n. 8 (7th Cir.1995); *see also Schott Motorcycle Supply, Inc. v. American Honda Motor Co.,* 976 F.2d 58, 61–62 (1st Cir.1992); *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.,* 757 F.2d 523, 528 (2d Cir.1985); *Freedom Nat'l Bank v. Northern Ill. Corp.,* 202 F.2d 601, 605 (7th Cir.1953). A plaintiff can "plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir.1995). We have applied this rule on numerous occasions in the past, *see, e.g., Warzon v. Drew,* 60 F.3d 1234, 1240 (7th Cir.1995); *Conn v. GATX Terminals Corp.,* 18 F.3d 417, 419 (7th Cir.1994), and although the rule smacks of legalism, judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible. The Soo argues that we should ignore the pleadings because the District Court decided the motion to dismiss as a summary judgment motion. We do not see what difference that makes, as the Federal Rules of Civil Procedure clearly state that summary judgment is proper "if the *pleadings,* depositions, answers to interrogatories, and admissions on file, together with the affidavits" show that one party is entitled to a judgment as a matter of law.[2] Fed. R.Civ.P. 56(c)(emphasis added).

Finally, we need only briefly address SSW's cross-appeal. SSW challenges the District Court's dismissal of its counterclaim, which sought a refund of some of the money SSW paid to the Soo. SSW argues that if the Soo was not trying to collect for transportation and services provided (and thus was not affected by the three-year statute of limitations), then the *two-year* statute of limitations of 49 U.S.C. § 11706(c)(1) applied and

---

**2.** From our review of the record, SSW never brought the Soo's judicial admission to the District Court's attention. SSW, therefore, arguably waived the issue for purposes of appeal. Even if we assume that judicial admission defenses can be waived, however, the Soo never argued this waiver when SSW raised the judicial admission issue in its appellate brief. The Soo, therefore,

waived any waiver defense it might have had. *See Trustees of Ind. Univ. v. Aetna Cas. & Sur. Co.,* 920 F.2d 429, 433 n. 5 (7th Cir.1990), *overruled on other grounds by Watson v. Amedco Steel, Inc.,* 29 F.3d 274, 278 (7th Cir.1994); *McKnight v. General Motors Corp.,* 908 F.2d 104, 108 (7th Cir.1990).

SSW therefore paid more to the Soo than it needed to. SSW's argument, however, is explicitly conditioned on our finding that the Soo did not provide transportation and services. Because the Soo admitted that it did provide services, SSW's cross-appeal is moot.

The judgment of the District Court is AF-FIRMED.