Usha VAKHARIA, M.D., Plaintiff,

v.

LITTLE COMPANY OF MARY HOSPI-
TAL AND HEALTH CARE CENTERS,
David J. Roth, M.D., Evergreen Anesthe-
sia and Pain Management Services, S.C.,
Kent F.W. Armbruster M.D., Bernard P.
Flaherty, M.D., Martin J. Phee, M.D.,
Jose M. Cava, M.D., James A.K. Lambur,
M.D., Sister Kathleen McIntyre, LCM,
Claus Von Zychlin, Frank J. Schaeffer,
George J. Cullen, Leo E. Hennessy, Sis-
ter M. Damian Young, L.C.M., Richard
M. Farrell, M.D., Vincent Gavin, James
Keane, Mary Ellen McGuire, Thomas E.
Murray, Ed.D., Thomas S. Patricoski,
M.D., Michael B. Schneider, Albert C.
Baldermann, Defendants.

No. 94 C 5599.

United States District Court,
N.D. Illinois,
Eastern Division.

April 20, 1998.

Allen E. Shoenberger, Chicago, IL, for Plaintiff.

Harry John Secaras, Neal, Gerber & Eisenberg, Chicago, IL, Laurence H. Lenz, Jr., Edwin Earl Brooks, Paul A. Haskins, Katten, Muchin & Zavis, Chicago, IL, for Defendants.

### OPINION AND ORDER

NORGLE, District Judge.

Before the court is Defendants' Combined Motion to Dismiss Counts II, IV, and VI of the Second Amended Complaint, to Strike Count V, and to Strike Certain Allegations of Counts I and III. For the following reasons, Defendants' Combined Motion to Dismiss Counts II, IV, and VI of the Second Amended Complaint is granted; the Motion to Strike Count V is granted; and the Motion to Strike Certain Allegations of Counts I and III is denied.

### I. BACKGROUND

The factual background of this case was discussed exhaustively in *Vakharia v. Little Company of Mary Hospital and Health Care Centers,* 917 F.Supp. 1282 (N.D.Ill.1996) ("*Vakharia I* "). Because the facts relevant to the disposition of the instant motion remain unchanged since *Vakharia I,* the court will not repeat them here.

### II. PROCEDURAL BACKGROUND

On June 1, 1995, Vakharia filed an eight-count, First Amended Complaint. On March 7, 1996, the court dismissed all of Vakharia's claims. However, the following counts were dismissed without prejudice: Counts I and II, § 1981 claims, against Sister Kathleen McIntyre ("McIntyre"), Claus Von Zychlin ("Zychlin"), David J. Roth ("Roth"), the Little Company of Mary Hospital and Health Care Centers ("Hospital"), the Hospital Board members ("the Board"), and Evergreen Anesthesia and Pain Management Services, S.C. ("Evergreen") (collectively "Defendants"); Count III, a § 1985 claim, against Hospital and Evergreen; Count V, a breach of by-laws claim, against Hospital; Count VI, a § 1986 claim, against Hospital and Evergreen; and Count VII, a Title VII claim against Hospital.

On July 10, 1997, Vakharia seized the opportunity to cure the pleading defects and filed her six-count, Second Amended Complaint. Count I alleges that McIntyre, Zychlin, Roth, Hospital, the Board, and Evergreen violated § 1981 by interfering with Vakharia's right to contract with patients because of her race, color, and national origin. Count II claims that Hospital and Evergreen violated §§ 1981(a-c) and 1985(3) when they conspired to interfere with Vakharia's right to contract with patients. Count III avers that Hospital breached the staff by-laws by granting an exclusive provider contract without consulting the staff about quality care issues. Count IV is a Title VII action which contends that Hospital discriminated against Vakharia on the basis of her race, color, and national origin by failing to assign her cases and delaying her application for full staff privileges. Count V declares that Hospital and Evergreen violated the Age Discrimination in Employment Act ("ADEA") when younger anesthesiologists were treated more favorably than Vakharia. Count VI is a § 1986 action against Hospital

and Evergreen for neglecting to prevent the various forms of alleged discrimination.

Defendants now move to dismiss Counts II, IV, and VI pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also request that the court strike, in its entirety, Count V, and certain allegations in Counts I and III.

### III. DISCUSSION

For purposes of a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations as true, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Gutierrez v. Peters,* 111 F.3d 1364, 1368–69 (7th Cir.1997). At the same time, however, the court is not required to accept conclusory legal allegations. *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 792 (7th Cir.1996). " 'It is true that the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which a claim is based. Nevertheless, a plaintiff must allege sufficient facts to outline a cause of action, proof of which is essential to recovery.' " *Stevens v. Umsted,* 131 F.3d 697, 700 (7th Cir.1997) (*quoting Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985)). Thus, a complaint should not be dismissed unless "it is impossible [for the plaintiff] to prevail 'under any set of facts that could be proved consistent with his allegations.' " *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997) (*quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

#### A. Discrimination Claims

Courts analyze § 1981 claims in the same manner as Title VII and ADEA claims. *Bratton v. Roadway Package System, Inc.,* 77 F.3d 168, 175–76 (7th Cir.1996). Accordingly, the court will address the discrimination claims contained in Counts IV and V together, before addressing the remaining counts.

#### 1. Title VII Claim

Defendants argue that Count IV, a Title VII employment discrimination claim, is barred by the Seventh Circuit's recent decision in *Alexander v. Rush North Shore Medical Center,* 101 F.3d 487 (7th Cir.1996).[1] Specifically, Defendants argue that because Vakharia was an independent contractor, and not an employee of the hospital, she is not entitled to the protections of Title VII. Thus, the dispositive issue is whether Vakharia was an employee or independent contractor of Hospital.

In *Alexander,* the Seventh Circuit reaffirmed its prior holdings in *Knight v. United Farm Bureau Mut. Ins. Co.,* 950 F.2d 377 (7th Cir.1991), and *Ost v. West Suburban Travelers Limousine, Inc.,* 88 F.3d 435 (7th Cir.1996), and concluded that a staff-anesthesiologist could not maintain a Title VII claim against a hospital because he was not an employee for purposes of Title VII. *Alexander,* 101 F.3d at 493. Rather, the court held that the plaintiff was an independent contractor and not entitled to Title VII protection. *Id.*

In order to determine whether the staff anesthesiologist was an employee or independent contractor, the Seventh Circuit applied the common law test developed in *Knight* and *Ost.* The test focuses on five factors to ascertain either employee or independent contractor status:

(1) the extent of the employer's control and supervision over the worker, including direction on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Alexander,* 101 F.3d at 492. "Of the several factors to be considered, the employer's right to control is the most important when determining whether an individual is an employee or an independent contractor." *Id.* (*quoting Knight,* 950 F.2d at 378.) Thus "if an employer has the right to control and direct the work of an individual not only as to the result

---

**1.** In the court's opinion of March 7, 1996, all of Vakharia's Title VII claims were dismissed except against Hospital. *Vakharia I,* 917 F.Supp.

at 1303. However, at the time *Vakharia I* issued, the Seventh Circuit had not yet ruled on *Alexander.*

to be achieved, but also as to the details by which the result is achieved, an employer/employee relationship is likely to exist." *Id.* (*citing Ost,* 88 F.3d at 439).

In applying the five-factor test, the Seventh Circuit held that the manner in which Dr. Alexander rendered services to his patients was primarily within his control. *Alexander,* 101 F.3d at 493. He had complete authority to exercise his professional judgment concerning the diagnosis and treatment of his patients. *Id.* He possessed significant specialized skills. *Id.* He was responsible for billing his patients and collecting fees directly from them. *Id.* Conversely, he never received any compensation, or any other paid benefits from the hospital. Although the hospital assigned Dr. Alexander cases and required him to be on call, the Seventh Circuit found that these requirements did not show that the hospital controlled his work. *Id.* Thus, the court concluded that Dr. Alexander was an independent contractor, and therefore, not entitled to the protections of Title VII.

█ Application of the five factors to the instant case demonstrates that Vakharia is also an independent contractor. First, there is no allegation that Vakharia's ability to exercise her professional judgment in the care of her patients was restricted by Hospital. Indeed, Vakharia states that she is "fully competent to provide services in both [the OB/GYN and Surgery] sections." (2d Am. Comp. at ¶ 17.) Second, Vakharia possessed the specialized skills of an anesthesiologist long before the events giving rise to this lawsuit. Vakharia declares that she is a "Board Certified Anesthesiologist" who "has been practicing medicine since 1974." (*Id.* at ¶ 2.) Third, although Hospital provided the anesthesiologists with the equipment and facilities to practice their trade, (*Id.* at ¶ 12.), all department members "contracted with individual patients," (*Id.* at ¶ 15.), and were paid "on an individual fee-for-service" basis. (*Id.* at ¶ 16.) In fact, Vakharia acknowledges that she "received no fees" from Hospital.

Finally, as to her employment expectations, Vakharia admits that she "was treated as a part-time 'as needed' anesthesiologist" who "was neither put on a normal rotation schedule, nor given emergency calls, nor an equal sharing of the workload of either section of the Department."[2] (*Id.* at ¶ 22.) Confronted with these judicial admissions, the Court concludes that Vakharia has pleaded herself out of court. *Soo Line R. Co. v. St. Louis Southwestern Ry. Co.,* 125 F.3d 481, 483 (7th Cir.1997) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.").

The only factors alleged by Vakharia supporting her status as an employee are (1) Hospital's requirement that she be "on call," (*Id.* at ¶ 14), and (2) Hospital's control over her assignment of cases. (*Id.* at ¶ 15.) However, even accepting these allegations are true, the Seventh Circuit held that, standing alone, they are insufficient to establish employee status: " '[T]hese constraints do not, however, establish an employer-employee relationship because the details concerning performance of the work remained essentially within the control of the [plaintiff].' " *Alexander,* 101 F.3d at 493 (*quoting Ost,* 88 F.3d at 438–39). Thus, the court is left with Vakharia's conclusory allegation that "[a]ll anesthesiologists enjoyed an employment relationship with the hospital under a common law understanding of employment." (2d Am. Compl. at ¶ 15.) This *ipse dixit* allegation is not only ambiguous, but states a legal conclusion. It is axiomatic that conclusory allegations will not defeat a Rule 12(b)(6) motion. *Palda v. Gen. Dynamics Corp.,* 47 F.3d 872, 875 (7th Cir.1995) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)."); *Cushing v. City of Chicago,* 3 F.3d 1156, 1167 (7th Cir.1993). Therefore, the court finds that Vakharia is an independent contractor for purposes of Title VII. Accordingly, Count IV is dismissed.

---

**2.** As further support for the conclusion that Vakharia is an independent contractor, the court notes the absence of any exhibits, affidavits, or other documents attached or incorporated by reference to the Second Amended Complaint demonstrating Vakharia's status as an employee.

Fed.R.Civ.P. 10(c); *Bark v. Emsco VIII, Ltd.,* No. 94 C 1184, 1994 WL 280077, at *6 (N.D.Ill. June 17, 1994) (considering complaint exhibits to determine existence of employer-employee relationship for purposes of 12(b)(6) motion).

### 2. ADEA Claim

■ Count V of the complaint alleges that Hospital violated the ADEA by discriminating against Vakharia on the basis of her age. In the First Amended Complaint, Count VIII, a similar ADEA claim was alleged against Hospital. However, that count was dismissed with prejudice. *Vakharia I*, 917 F.Supp. at 1303 (dismissing all claims in First Amended Complaint "with prejudice" except against certain defendants in Counts I, II, III, V, VI, and VII). "When a suit is dismissed because the complaint fails to state a claim (Rule 12(b)(6)), the dismissal is with prejudice, and the filing of a new suit to vindicate the claim will be met with the defense of res judicata." *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996); *Lee v. Village of River Forest*, 936 F.2d 976, 979 (7th Cir.1991). Therefore, Vakharia's attempt to reallege a claim under the ADEA must fail. Accordingly, Count V is barred as a matter of law.[3]

### B. Conspiracy Claims

#### 1. Section 1985 claims

Count II alleges that "Evergreen and Hospital knowingly participated in a conspiracy designed to interfere with the ability of Plaintiff to make contracts with patients . . . practice her profession . . . [and] drive Plaintiff . . . off the Professional Staff of Hospital . . . ." (2d Am. Compl. at ¶ 42.) Evergreen and Hospital contend that Vakharia's § 1985 conspiracy claim must be dismissed because it fails to state a cognizable claim. Specifically, Evergreen and Hospital argue that the Second Amended Complaint fails to allege an overt act in furtherance of the conspiracy between Evergreen and Hospital.

■ To state a claim under § 1985(3), Vakharia must allege that (1) two or more parties conspired, (2) with the purpose of denying, directly, or indirectly, equal protection of the law, (3) an act in furtherance of the conspiracy, and (4) that such an act injured a person or his property. *Majeske v. Fraternal Order of the Police*, 94 F.3d 307, 311 (7th Cir.1996). Additionally, "in a section 1985(3) action . . . the facts detailing the conspiratorial agreement can be pleaded generally, while those facts documenting the overt acts must be pleaded specifically." *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir.1985); *East v. City of Chicago*, 719 F.Supp. 683, 694 (N.D.Ill.1989).

■ With these principles in mind, the court in *Vakharia I* granted Plaintiff an additional opportunity to plead a conspiracy between Evergreen and Hospital that allegedly occurred from November 1993 "until the time that all [Vakharia's] privileges were terminated for failure to sign the contract." *Vakharia I*, 917 F.Supp. at 1300. However, the instant complaint is devoid of any allegation which constitutes an overt act by Evergreen and Hospital within the applicable time period. Nevertheless, Vakharia invites the court to examine certain paragraphs within the Second Amended Complaint which supposedly satisfy the overt act requirement.

For example, Vakharia claims that ¶¶ 28 and 33 of the Second Amended Complaint evidence overt action by Evergreen and the Hospital. However, these paragraphs address the actions of Dr. Roth, not conspiratorial conduct between Evergreen and Hospital. In fact, neither paragraph expressly references both Evergreen and Hospital. Further, there is no allegation that Dr. Roth was acting as an agent of Evergreen. Indeed, Dr. Roth could not have been acting in concert with Hospital on behalf of Evergreen because the chronology of events in the Second Amended Complaint suggest that Dr. Roth's conduct preceded the formation of Evergreen. Paragraphs 29, 36, and 42 are simply factual conclusions without reference to specific acts in furtherance of a conspiracy.[4] Finally, because Vakharia admits that she was indeed offered a contract by Evergreen (which she refused to sign), ¶ 32 fails

---

3. Vakharia completely ignores the res judicata argument in her response brief. Instead, Vakharia focuses on distinguishing *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996), a case rejecting the bright line rule that a complainant must be replaced by someone 40 years of age or older.

4. Paragraph 29 provides an illustration of Vakharia's propensity for pleading conclusions: Through Evergreen, Defendant Roth was enabled to prevent Plaintiff from continuing to work at the Hospital and from contracting with any patients who came to the Hospital. (2d Am.Comp.)

to describe an overt act in furtherance of a conspiracy. As this court previously concluded, "[Vakharia's] loss of her partial privileges sprang from her refusal to sign a contract with Evergreen, not from discrimination." *Vakharia I*, 917 F.Supp. at 1299–1300. Without pleading the requisite overt act and connecting such conduct to an injury, Vakharia has failed to sufficiently allege a violation of § 1985(3). Consequently, Count II is dismissed.

### 2. Section 1986 Claim

In Count VI, Vakharia claims that Evergreen and Hospital had knowledge of the alleged harms and "neglected or refused" to prevent such conduct. (2d Am. Compl. at ¶ 63.) Although Vakharia does not expressly state a legal basis for bringing the instant count, the allegations track the language of § 1986. Furthermore, Vakharia fails to direct the court to other authority under which a count entitled "Action for Neglecting to Prevent Discrimination" could be brought. (*Id.* at 15.) Accordingly, the court construes Vakharia's Count VI as one sounding in a § 1986 action.

In relevant part, section 1986 provides:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . .

42 U.S.C. § 1986.

■ Thus, "in the absence of a viable claim under § 1985(3), a § 1986 claim cannot exist." *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir.1992). Here, the court dismissed Vakharia's § 1985(3) claim for failure to plead an overt act. Therefore, Vakharia's § 1986 claim must fail as well. Accordingly, Count VI is dismissed.

### C. Motion to Strike

Without citation to authority, Defendants request that the court strike certain discrete allegations contained in surviving Counts I and III of the Complaint.[5] Specifically, Defendants believe that the various allegations identified in Counts I and III violate the court's earlier ruling in *Vakharia I*. The court disagrees.

■ Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A movant bears the burden of demonstrating that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992); *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D.Ill. 1997). Generally, motions to strike are disfavored because they are considered drastic remedies. *Woodson v. Cook County Sheriff*, No. 96 C 3864, 1996 WL 604051, at *5 (N.D.Ill. Oct.18, 1996).

■ Here, Defendants take issue with allegations in Count I which they contend seek damages for injuries sustained after Vakharia refused to join Evergreen. However, the contested allegations are so general in nature that they very well could include the time between selection of Evergreen and its full operation.. Thus, because Count I is still a viable claim under § 1981, the court cannot say that the allegations are redundant, immaterial, or impertinent. *See Gonzalez v. City of Chicago*, 888 F.Supp. 887, 890–91 (N.D.Ill. 1995) (refusing to strike allegations which were not directly related to plaintiff's injuries but still consistent with § 1983 claim).

Similarly, Vakharia's allegation in Count III that the Hospital violated the by-laws by conferring upon her a "de facto status of 'stand by' anesthesiologist" should not be stricken. (2d Am. Compl. at ¶ 48.) As the court noted, "to the extent that failure to place Vakharia on full rotation rescinded the full privileges eventually granted Vakharia, she may state a breach of contract and by-laws claim." *Vakharia I*, 917 F.Supp. at 1302. Certainly, at this stage in the litiga-

---

**5.** In Count I, Defendants move to strike the last 15 words of ¶ 36, subsections (a) and (d) of ¶ 38, and subsections (a) and (d) in the prayer for relief. In Count III, Defendants contend that subsection (a) of ¶ 48 should be stricken.

tion, Vakharia's allegation of "stand by" anesthesiologist may play a role in Defendants' alleged breach of the bylaws. *Daulo v. Commonwealth Edison,* 892 F.Supp. 1088, 1095 (N.D.Ill.1995) (allegations which at the very least may serve as background, and could be part of the alleged discrimination did not run afoul of Rule 12(f)). Accordingly, Defendants' motions to strike are denied.

### IV. CONCLUSION

In sum, Counts II, IV, and VI of Vakharia's Second Amended Complaint are dismissed without prejudice. Additionally, because Count V was previously dismissed with prejudice, it is barred as a matter of law. The motions to strike Counts I and III are denied. Accordingly, Counts I and III remain.

IT IS SO ORDERED.