NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2013[*]
Decided January 28, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2871

| | |
|---|---|
| CATHERINE CONRAD, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 11-cv-305-bbc |
| | |
| JAMES BENDEWALD, et al., | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Catherine Conrad, who performs singing telegrams, appeals the grant of summary judgment against her in this copyright-infringement case arising out of the recording of one of her performances. We affirm.

Conrad was hired by Maria Vedral, the president of SilverEdge Systems Software, to perform a singing telegram at an award event. Vedral arranged for James Bendewald to record

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2)(C).

the performance so the company could post the video on its website. Conrad then sued Vedral, SilverEdge, and Bendewald for copyright infringement, alleging that they did not have her permission to record the performance of her copyrighted song because they did not pay her a licensing fee to post the video online. She also alleged that they violated her right of publicity under state law, *see* WIS. STAT. § 995.50(2)(b), and that Bendewald tortiously interfered with her licensing agreement when he suggested that SilverEdge could avoid paying a fee by replacing the audio of Conrad's copyrighted song with a royalty-free one.

At screening, 28 U.S.C. § 1915, the district court allowed Conrad to proceed on the theories that the defendants recorded the copyrighted song without her permission, or, alternatively, that their permission to retain a copy of the video was contingent on paying a licensing fee for posting the video on their website. The court, however, dismissed both of Conrad's state-law claims: the right-of-publicity claim because Conrad did not allege any use of her identity for commercial purposes and the claim for tortious interference because she failed to suggest how Bendewald improperly interfered with her prospective contract.

Discovery ensued, and the evidence revealed that Conrad had given permission to the defendants to record the performance. Conrad testified at her deposition that she spoke with Bendewald the day before the event to tell him the event's location, agreed to wear a microphone during her performance, and told him not to record her image because SilverEdge had not yet obtained a license to post her song on its website. In emails after the performance, Conrad told SilverEdge that a 6-month license would cost $40,000. Bendewald suggested that instead of paying the fee, SilverEdge could still use some of the video online if it replaced Conrad's copyrighted song with a different one. The next day, SilverEdge informed Conrad that they had decided not to use the video on their website. The company's web developer stated in his affidavit that no portions of the video had ever appeared on the website and that they chose to use the video of a different performer's singing telegram instead.

The district court granted the defendants' motion for summary judgment. The court found, first, that the defendants had permission to film the performance as a matter of law because Conrad knew in advance that the performance would be filmed, agreed to wear the microphone when she sang to assist in the recording, instructed Bendewald on what to film, and required an additional fee only if the defendants used the video for a commercial purpose. Next, the court noted that no evidence showed that Conrad imposed a condition on the defendants to return the video if they decided not to pay a licensing fee to use it for commercial purposes. Finally, the court rejected her additional claims that the defendants infringed on her copyright by editing the video and by posting it online for four months because these claims had not been included in her amended complaint. The court added that even if it were to consider the claims, Conrad provided no evidence that any editing occurred,

and her deposition testimony that she saw the video online contradicted what she had written in her amended complaint.

On appeal, Conrad argues that the district court erred in granting summary judgment by ignoring a factual dispute concerning whether the video was posted on the SilverEdge website for four months. But Conrad did not raise this issue in her amended complaint and has therefore waived the argument on appeal. *See Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009); *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002). Furthermore, as the court also correctly noted, Conrad is bound by what she said in her pleadings, *see Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010); *United States v. Firishchak*, 468 F.3d 1015, 1024 (7th Cir. 2006); *Soo Line R.R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997), and in her amended complaint she admitted that she did not know if SilverEdge had ever used the video online.

Conrad also argues that the district court erroneously dismissed her supplemental state-law claims at screening. She asserts that SilverEdge used her video on its website and that Bendewald intentionally interfered with her prospective licensing agreement. As the district court correctly noted, Conrad did not allege that her likeness was used for commercial purposes and therefore failed to claim a violation of the right of publicity. *See* WIS. STAT. § 995.50(2)(b); *Ladd v. Uecker*, 780 N.W.2d 216, 222 (Wis. Ct. App. 2010). Next, the district court properly dismissed her claim of tortious interference for failing to identify any "improper" interference because Bendewald was correct in suggesting that Vedral could avoid a licensing fee by using non-copyrighted material instead of Conrad's song. *Briesemeister v. Lehner*, 720 N.W.2d 531, 543 (Wis. Ct. App. 2006).

Finally, Conrad contends that the district court abused its discretion by refusing to allow her leave to amend to add as defendants the event's organizer, the organizer's company, and the company that hosted the event. The district court, however, reasonably concluded that amendment would be futile because Conrad did not identify how any of these proposed defendants infringed her copyright. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009).

**AFFIRMED**.